Zimmerman, J.
 

 Is the evidence in this case of such a character as to support a finding that the knee injury sustained by Harry Aiken on March 11,1932, was a proximate cause of his death on June 12, 1938? If it is, the judgment of the Court of Appeals should be affirmed; if not, final judgment should be entered for the Industrial Commission.
 

 In the case of
 
 Gwaltney, a Minor,
 
 v.
 
 General Motors Corp.,
 
 137 Ohio St., 354, 30 N. E. (2d), 342, this court held, as stated in the syllabus:
 

 “To entitle a claimant to recover under the Workmen’s Compensation Act as a dependent of a killed employee, it must appear from the evidence that such employee sustained a physical or traumatic injury in
 
 *117
 
 the course of and arising out of his employment, and that such injury was the proximate cause of his death.”
 

 As to the necessity for showing a direct causal relation between an injury and death, see also
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 466, 181 N. E., 894;
 
 Peer
 
 v.
 
 Industrial Commission,
 
 134 Ohio St., 61, 64, 15 N. E. (2d), 772, 774. And compare
 
 Industrial Commission
 
 v.
 
 Brubaker,
 
 129 Ohio St., 617, 396 N. E., 409.
 

 In the case of
 
 Drakulich
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 82, 27 N. E. (2d), 932, it was announced that the issue of causal connection between an accidental injury and subsequent death from disease, involves a scientific inquiry and must be determined by the testimony of competent medical witnesses. Furthermore, such testimony must show a probability and not a mere possibility that there was a causal connection between the injury and the death to allow a claimant to participate in the state insurance fund. This pronouncement was approved and followed in the later case of
 
 Pfister
 
 v.
 
 Industrial Commission,
 
 139 Ohio St., 399, 400, 40 N. E. (2d), 671.
 

 The definition and determination of “proximate cause” in the field of torts is applicable here. While the determination of the proximate cause of an ultimate result sometimes presents a difficult problem in a particular case, general principles controlling the settlement of such question are well established. Briefly stated, the proximate cause of an event is th'at which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred.
 

 In the instant case we find Harry Aiken sustaining an accidental injury in March of 1932, which disability a medical witness testified would disappear within six weeks following an operation. We find him worrying over his physical condition, his finances and his family,
 
 *118
 
 which affected his health and spirits, although he owed but a small amount on his home and began receiving-regular compensation payments of substantial amounts in August of 1932. We observe a progressive mental deterioration which necessitated his commitment to a state hospital in July of 1933. While he was there we find him in a normal physical condition, but with a permanent derangement of the mind. In March of 1938 we find him contracting a slight cold. X-ray pictures taken at that time showed no visible signs of a defective or impaired heart. We find him succumbing on June 12, 1938, by reason of a sudden heart attack taking place on the preceding day, which a physician, familiar with his case, testified was a remote — a- possible — result of his abnormal mental state.
 

 The medical witness, Dr. Molle, who attempted to connect the injury with the death in answering a hypothetical question, based his conclusion in part on the fact that dementia praecox had been given as a contributing- cause of death in the death certificate. But we have him saying finally in effect that death could be traced only “indirectly” to the knee trouble. Such testimony does not meet the test of probability required by the decision in
 
 Drakulich
 
 v.
 
 Industrial Commission, supra.
 

 If we assume in the present case that worry over the injury brought on dementia praecox, it does not follow that the death can be attributed to such injury. Death was rather the consequence of a separate and independent cause. Had Aiken died from peritonitis induced by a ruptured appendix or had death been due to amoebic dysentery, certainly it could not be said with any degree of assurance that the original accident was the proximate, natural or probable cause thereof. Under the circumstances appearing herein, it is no more reasonable to say that the original injury was directly responsible for the attack of myocarditis which killed Aiken.
 

 
 *119
 
 When we look back from the death, occasioned by a heart attack, any connection between the knee injury and the death appears unnatural, unreasonable and improbable in the light of common experience; the injury, if it may be deemed a factor in the death at all, must be considered remote rather than proximate.
 

 To accept appellee’s theory would necessitate the recognition of novel and extraordinary consequences, .in the absence of proof from which it could be fairly concluded that a normal and continuous sequence existed between the accident in 1932 and the death in 1938.
 

 No matter how much we would like to decide in appellee’s favor because of her situation, she cannot prevail when her right to participate in the state insurance fund rests on such a conjectural and speculative basis.
 

 The rule is well settled by numerous cases that to establish the relation of cause and effect between an injury to a workman and his death so as to justify an award of death benefits under a workmen’s compensation law, the evidence must be such as to remove the case from the realm of speculation and conjecture; there must 'be competent evidence tending to show a
 
 proximate
 
 causal connection between the injury and the subsequent death. See
 
 Duncan
 
 v.
 
 Weidman
 
 (Neb.), 11 N. W. (2d), 537;
 
 Pixa
 
 v.
 
 Grainger Bros.
 
 (Neb.), 12 N. W. (2d), 74;
 
 Gilmore
 
 v.
 
 Hoke County Board of Education,
 
 222 N. C., 358, 23 S. E. (2d), 292;
 
 Monahan
 
 v.
 
 Seeds & Durham,
 
 336 Pa., 67, 6 A. (2d), 889;
 
 McBrayer
 
 v.
 
 Dixie Mercerizing Co.,
 
 178 Tenn., 135, 156 S. W (2d), 408;
 
 Cole
 
 v.
 
 Dept. of Labor & Industries,
 
 200 Wash., 296, 93 P. (2d), 413.
 

 Appellant was entitled to a directed verdict or to judgment notwithstanding the verdict in the court of first instance. It follows, therefore, that the judgment
 
 *120
 
 of the Court of Appeals must he reversed and final judgment rendered for the Industrial Commission.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.