782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOUIS F. VIERECK, Plaintiff-Appellant
v.
CITY OF COLUMBUS, OHIO; TOM MOODY; THEODORE WATERFIELD;
BERNARD CHUPKA; WILLIAM REES, Defendants-Appellees.
 85-3066
 United States Court of Appeals, Sixth Circuit.
 12/11/85
 
 Before: LIVELY, Chief Circuit Judge; MARTIN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Louis F. Viereck appeals the district court's adverse determinations in his section 1983 action for damages arising from his imprisonment for eight days. Defendant William Rees, a Code Enforcement Officer in the Department of Development, Division of Code Enforcement, filed a complaint against Viereck, the owner of property abutting city-owned sidewalks in Columbus, Ohio. Rees' complaint alleged that Viereck had not maintained the sidewalks next to his property as required by the Columbus City Code. Viereck appeared with an attorney before Judge James Pearson of the Franklin County, Ohio, Municipal Court. As a result of a plea of no contest, the court fined Viereck $150 and sentenced him to sixty days in jail to be served beginning April 13, 1978, if the sidewalks were not repaired by then.
 
 
 2
 No contemporaneous transcript of the court proceeding exists; but Judge Pearson, in his document entitled 'Transcript of Proceedings,' which is a part of the record, stated that he told Viereck that if the Code Enforcement Officer reported on April 13 that the sidewalks were repaired, then the sentence would be suspended. Otherwise, Viereck was to come prepared to serve the sentence. On April 13, 1978, Rees reported to Judge Pearson that the sidewalk was not repaired. Neither Viereck nor his attorney were present. Judge Pearson issued an arrest warrant at that time and Viereck was arrested by City of Columbus police officers and imprisoned for eight days. In fact, Viereck had arranged for the sidewalk to be redone. A permit to do the work was issued on March 31, 1978; however, the sidewalks were still in a state of disrepair on April 13.
 
 
 3
 Viereck appealed to the Court of Appeals for Franklin County, and on May 10, 1979, the conviction was reversed on the grounds that the criminal complaint did not state an offense under the City Code. Viereck then filed this action in United States District Court claiming that he was deprived of rights secured by the Constitution; the fourth and fourteenth amendments; 28 U.S.C. Secs. 1331 and 1343; and 42 U.S.C. Secs. 1981, 1983, 1985, 1986, and 1988. Viereck named as defendants the City of Columbus; Tom Moody, Mayor; Theodore Waterfield, Administator of the Code Enforcement Division; Bernard Chupka, Director of Public Safety; Ted Hysell, Clerk of the Municipal Court; and William Rees, Code Enforcement Officer. Viereck sought $50,000 as compensatory damages and $5,000,000 as punitive damages.
 
 
 4
 The district court dismissed all issues except those under section 1983 and dismissed the City of Columbus because Viereck's complaint failed to state a claim against the City. The court granted summary judgment for all of the individual defendants except Rees. After presentation of plaintiff's case, the court entered a directed verdict against Viereck because Viereck had not shown in any way that Rees' actions were the proximate cause of Viereck's incarceration. Viereck appeals the dismissal of the City, the summary judgments in favor of Chupka, Waterfield and Moody, and the directed verdict in favor of Rees. Viereck also appeals the district court's denial of Viereck's motion to amend the complaint.
 
 
 5
 A directed verdict should be granted 'only when it is clear that reasonable men could come to only one conclusion from the evidence.' Bellamy v. Bradley, 729 F.2d 416, 418 (6th Cir.), cert. denied, ---- U.S. ----, 83 L.Ed.2d 93, 105 S. Ct. 156 (1984); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 579 (6th Cir. 1979). The court must determine 'whether without weighing the credibility of the witnesses or considering the weight of the evidence, there is substantial evidence from which the jury could find in favor of the party against whom the motion is made.' Bellamy, 729 F.2d at 418. This standard is applicable to the district court as well as to this Court in reviewing the appeal. Bellamy, 729 F.2d at 418. Applying this standard, we hold that the district court's grant of directed verdict against Viereck was proper.
 
 
 6
 Viereck claims that Rees violated his rights by instituting the municipal proceeding and by reporting to Judge Pearson on April 13 that Viereck had not repaired the sidewalk. However, government officials generally are not liable for civil damages which arise from the performance of their duties if they do not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.' Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Procunier v. Navarette, 434 U.S. 555, 565 (1978). The determination of whether the applicable law is clearly established at the time of the complained action and thus whether the good faith defense applies is a purely objective legal question to be determined prior to trial. Harlow, 457 U.S. at 818. Rees' actions in the municipal proceeding are shielded by this good faith defense, as the district court determined. At the time of the municipal proceeding, no one, including Rees, knew that the complaint filed by Rees was invalid. Viereck's rights were certainly not 'clearly established' rights of which a reasonable person, such as Rees, should have known.
 
 
 7
 The second basis for the directed verdict against Viereck is that Viereck did not establish that Rees' actions in reporting to Judge Pearson that the sidewalk was unrepaired on April 13 proximately caused Viereck's incarceration. Proximate cause in Ohio is to be determined by ascertaining the 'direct, active, efficient cause.' Higbee Co. v. Jackson, 101 Ohio St. 75, 128 N.E. 61, 65 (1920). It is the 'natural and continuous sequences, unbroken by any new, independent cause, produc[ing] that event and without which that event would not have occurred.' Aiken v. Indus. Comm., 143 Ohio St. 113, 117, 53 N.E.2d 1018, 1020 (1944). Judge Pearson's statement explained the proceedings as follows:
 
 
 8
 I next stated to Mr. Viereck that I was imposing a sentence of 60 days in the workhouse. I did pause because I was recording the sentence on the pocket as I was talking. I then stated to Mr. Viereck that I was also imposing a fine of $150.00 plus court costs.
 
 
 9
 I then stated to Mr. Viereck that I would set enforcement of the 60 days for March 15, 1978, and that if the code enforcement officer was able to report to me on that date that the widewalks in question had been brought into compliance with the code I would suspend the days, but that if the repairs had not been made he should come prepared to serve his sentence. Mr. Schickler then protested that because of weather conditions Mr. Viereck might be unable to make the repairs. I then told Mr. Viereck I would set the enforcement date for the 60 days for April 13, 1978, which would give him plenty of time after the weather had improved, to complete the repairs. I then set February 9, 1978 for enforcement of the fine and court costs and told Mr. Viereck that because of his prior record of violations of the Housing Code the fine and costs would not be suspended under any circumstances.
 
 
 10
 On April 13, 1978, at 9:00 a.m. the code enforcement officer was present in my court and informed me that no repairs had been made to the sidewalks in question. Neither Mr. Viereck or Mr. Schickler appeared. I ordered a warrant issued for the arrest of Mr. Viereck for the enforcement of the 60 day sentence.
 
 
 11
 Rees simply complied with Judge Pearson's order in reporting to him on April 13. Judge Pearson issued the warrant for Viereck's arrest and for the enforcement of the sentence imposed on January 31, 1978. With this evidence, reasonable men could only conclude that Rees is blameless. The directed verdict was proper.
 
 
 12
 The district court's grant of summary judgment in favor of Moody, the Mayor; Waterfield, the Administrator of the Code Enforcement Division; and Chupka, the Director of Public Safety, was likewise correct. Summary judgment is proper where there are no genuine issues of fact or where there are no issues as to the inferences which may be drawn from the facts. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The evidence and the inferences from the evidence must be viewed in the light most favorable to the party opposing the motion. Mozert v. Hawkins County Public Schools, 765 F.2d 75, 78 (6th Cir. 1985); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. denied, 444 U.S. 986 (1979).
 
 
 13
 Viereck stated in his complaint that Moody, Waterfield and Chupka 'sanctioned, ratified, and authorized the actions of defendant[ ] Rees as Code Enforcement Officer.' However, the Supreme Court has stated that supervisory personnel cannot be liable under section 1983 on a respondeat superior basis. Monell v. New York City Dep't of Social Service, 436 U.S. 658, 692 (1978). Liability of supervisory personnel must be based on more than simply the right to control employees. Rizzo v. Goode, 423 U.S. 362 (1976), requires that there must be a direct causal link between the supervisors and the individual defendant, Rees. Id. at 370-71. The Sixth Circuit has stated that the 'failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it.' Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 14
 The defendants in this action produced affidavits in support of their motion for summary judgment. In these affidavits, the defendants denied participation in or influence over the actions of which Viereck complains. Viereck has offered no support for his claims nor has he clarified exactly what the supervisory officials did so as to establish the necessary direct link between Rees' actions and the officials' actions. Without such a showing, there can be no possibility of liability under Rizzo. Absent some evidence or documentation supporting Viereck's claim, there is no genuine issue of fact. Summary judgment was proper.
 
 
 15
 Further, the district court did not err in dismissing the City of Columbus on a Federal Rules of Civil Procedure Rule 12(b)(6) motion. A 12(b)(6) motion for dismissal for failure to state a claim should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Davis H. Elliot Co. v. Caribbean Util. Co., 513 F.2d 1176, 1182 (6th Cir. 1975). In a section 1983 action, a municipality such as the City of Columbus is not immune. Brandon v. Holt, 469 U.S. ----, 83 L.Ed.2d 878, 883-84, 105 S. Ct. 873 (1985); Owen v. City of Independence, 445 U.S. 622, 633, reh'g denied, 446 U.S. 993 (1980). However, a plaintiff in a section 1983 action can recover from a municipality only if the claimed deprivation is a result of municipal 'custom' or 'policy.' City of Oklahoma City v. Tuttle, 471 U.S. ----, 85 L.Ed.2d 721, 801-804, 105 S. Ct. ---- (1985); Monell, 436 U.S. at 690-91. In Tuttle, the Court stated:
 
 
 16
 Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.
 
 
 17
 Tuttle, 85 L.Ed.2d at 804 (footnotes omitted). The Court stated that there must be 'an affirmative link between the policy and the particular constitutional violation alleged.' Tuttle, 85 L.Ed.2d at 804. Viereck claims that the City of Columbus is liable because the actions of Code Enforcement Officer Rees were 'sanctioned, ratified, and authorized' by municipal supervisory personnel. Given the Monell requirement as clarified by Tuttle, Viereck failed to present a claim against the City of Columbus which would entitle him to relief.
 
 
 18
 Viereck's final claim is that the district court abused its discretion by refusing to allow an amendment of the complaint after the 12(b)(6) motion was granted. Rule 15 of the Federal Rules of Civil Procedure provides that a court may exercise its discretion to allow amendment of a complaint 'when justice so requires.' However, Rule 15 does not require the court to allow amendment. In reviewing the district court's denial of the amendment, we look only to whether there has been an abuse of discretion. Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).
 
 
 19
 Viereck did not move to amend his complaint until over two years and seven months had passed since the district court had granted the 12(b)(6) motion dismissing the City of Columbus. During that time, summary judgment was granted in favor of three of the defendants named in the original and the proposed amended complaint. Though delay in moving to amend is not alone a valid reason to deny the motion, substantial prejudice to the defendants resulting from the delay does justify denying a motion to amend. Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100, 698 F.2d 250, 256 (6th Cir. 1983), cert. denied sub nom. Leach v. United States Postal Service, 464 U.S. 814 (1983); Hageman v. Signal L. P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973). The delay here was not explained in the motion to amend nor was a valid explanation given at oral argument. Granting the motion after this undue delay would have substantially prejudiced the defendants, especially the City of Columbus, which had been dismissed from the action two and a half years before the motion to amend.
 
 
 20
 The futility of the amendment is also a factor to be considered in determining the propriety of allowing the amendment. Hageman, 486 F.2d at 484. The district court refused to exercise its discretion to allow an amendment it found futile. The court found that the amended complaint sought to recover on a respondeat superior theory and that such a theory could not be a basis for a section 1983 recovery. Any state claims that may have been raised in the amended complaint could not be brought in federal court when no valid federal claim existed. We hold that the court's refusal to allow the amendment in light of the untimely amendment request, the prejudice to the defendants, and the futility of the amendment, was not an abuse of discretion.
 
 
 21
 We affirm.