**CLICK, Appellant,**

v.

**SOUTHERN OHIO CORRECTIONAL FACILITY et al., Appellees.**

[Cite as *Click v. S. Ohio Correctional Facility,* 152 Ohio App.3d 560, 2003-Ohio-2208.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 02CA2854.

Decided April 23, 2003.

Nein Law Office and Brian W. Harter, for appellant.

Jim Petro, Attorney General; Lee Smith & Associates Co., L.P.A., Lee M. Smith and Jetta Mencer, Special Counsel, for appellee Southern Ohio Correctional Facility.

Jim Petro, Attorney General and Jacob Dobres, Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

---

HARSHA, Judge.

{¶ 1} Carolyn Click appeals from the Scioto County Common Pleas Court's decision granting summary judgment to appellees, Southern Ohio Correctional Facility and Administrator, Bureau of Workers' Compensation. Mrs. Click contends that she is entitled to receive death benefits because her husband's previously allowed work-related injury caused his heart attack. We find that the affidavit of Mr. Click's psychiatrist, which Mrs. Click relies on to establish causation, is insufficient to overcome appellees' motions for summary judgment because it fails to establish that he is competent to testify as to the cause of Mr. Click's heart attack. Moreover, while the psychiatrist's affidavit sets forth his conclusion regarding causation, it fails to disclose any specific facts supporting that conclusion. Accordingly, we find that the trial court properly granted summary judgment to appellees.

{¶ 2} In October 1981, while employed as a correctional officer at Southern Ohio Correctional Facility, Mr. Click suffered an industrial injury. The Bureau of Workers' Compensation ultimately allowed Mr. Click's benefits claim for contusion of right upper abdomen, right sacroiliac sprain with neuralgia in the right lower extremity, and dysthymic disorder (chronic depression).

{¶ 3} As a result of his physical and psychological conditions, Mr. Click filed a claim for permanent total disability benefits. On December 1, 2000, Mr. Click received a letter notifying him that the Industrial Commission had denied his claim for permanent total disability. According to Mrs. Click, Mr. Click became very distressed upon learning about the rejection of his claim. In the early morning hours of December 2, 2000, Mr. Click suffered a heart attack and died.

{¶ 4} Following Mr. Click's death, Mrs. Click filed a claim with the Bureau of Workers' Compensation seeking death benefits. The Industrial Commission denied Mrs. Click's claim, and she appealed to the Scioto County Common Pleas Court. In August 2002, appellees filed motions for summary judgment, which the trial court ultimately granted. Mrs. Click appeals from that decision, raising the following assignment of error: "The trial court erred in granting appellees' motions for summary judgment and denying appellant's motion for summary judgment when the only evidence presented to the trial court related Mr. Click's heart attack and death to the previously recognized conditions in the claim."

{¶ 5} In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; cf., also, *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Kulch v. Structural*

*Fibers, Inc.* (1997), 78 Ohio St.3d 134, 145, 677 N.E.2d 308, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264.

{¶ 6} Mrs. Click contends that Mr. Click's previously allowed work-related injury was the proximate cause of his heart attack. She argues that the heart attack was a "flow-through" injury caused by his previously allowed condition. She also argues that the stress from reading the letter combined with the allowed physical and psychological conditions caused Mr. Click's heart attack. Moreover, Mrs. Click argues that although Mr. Click suffered from underlying coronary artery disease and/or heart disease, the previously allowed injury contributed to his heart attack. She contends that the principle of dual causation permits her to recover despite the fact that Mr. Click's underlying coronary artery disease may have also contributed to his heart attack.

{¶ 7} Appellees argue that Mrs. Click is not entitled to receive death benefits because Mr. Click's death did not arise from his employment. Appellees contend that Mrs. Click is unable to establish the necessary causal connection between Mr. Click's employment and his heart attack. In addition, appellees argue that Mrs. Click failed to establish a prima facie case for recovery of death benefits as a result of an injury that aggravated a pre-existing medical condition.

{¶ 8} To receive death benefits under the Workers' Compensation Act, a claimant must establish that the employee's injury was the proximate cause of his death. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 587, 575 N.E.2d 828, citing *Aiken v. Indus. Comm.* (1944), 143 Ohio St. 113, 28 O.O. 50, 53 N.E.2d 1018. The definition of and principles that govern the determination of proximate cause in the field of torts are equally applicable in workers' compensation cases. *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 42, 16 OBR 520, 476 N.E.2d 658, citing *Aiken,* supra. "[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." *Aiken,* 143 Ohio St. at 117, 28 O.O. 50, 53 N.E.2d 1018. Thus, in order to qualify for death benefits, Mrs. Click must establish that her husband's heart attack was proximately caused by his previously allowed injury.

{¶ 9} Mrs. Click argues that her husband's heart attack is a flow-through, or residual, injury resulting from his previously allowed injury. A flow-through injury is one that subsequently develops in a body part not originally alleged under R.C. 4123.84(A)(1).[1] *Dent v. AT&T Technologies, Inc.* (1988), 38

---

1. R.C. 4123.84(A)(1) provides that "[i]n all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death: (1) Written or facsimile notice of the specific part

Ohio St.3d 187, 527 N.E.2d 821. In order to receive benefits for flow-through injuries, a claimant must establish that the previously allowed injury was the proximate cause of the new injury. See *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1, paragraph one of the syllabus. Therefore, Mrs. Click's burden under a flow-through analysis is the same as her burden for establishing her entitlement to death benefits, i.e., she must show that Mr. Click's previously allowed injuries proximately caused his heart attack.

{¶ 10} Appellees contend that Mrs. Click failed to establish a prima facie case for recovery based on aggravation of a pre-existing disease. They argue that under such a theory, Mrs. Click must establish that Mr. Click died from a pre-existing disease and that his death was substantially accelerated as a direct and proximate result of a work-related injury. In her response to appellees' summary judgment motions, which also contained a cross-motion for summary judgment, Mrs. Click argued that the legal principles of dual causation and aggravation applied to her claim. While she continues to advance the applicability of dual causation on appeal, she has abandoned her argument concerning aggravation. Mrs. Click argues that the underlying coronary artery disease and/or heart disease, previously allowed physical and psychological conditions, and stress from reading the letter combined to cause Mr. Click's heart attack. In essence, she argues that the previously allowed work-related injury was one, but not the only, proximate cause of Mr. Click's death.

{¶ 11} Responding to appellees' summary judgment motions, Mrs. Click provided a copy of Mr. Click's death certificate and an affidavit from Dr. Borders, Mr. Click's psychiatrist.[2] The death certificate lists Mr. Click's immediate cause of death as acute myocardial infarction. It then lists the conditions leading to the cause of death as coronary artery disease due to diabetes. In his affidavit, Dr. Borders indicates that he had been treating Mr. Click since 1983. His affidavit states, in part: "4. That Mr. Click's history includes a work-related injury on October 9, 1981 * * *. 5. That Mr. Click further suffered from dysthymic disorder or a chronic depression related to his chronic pain, his inability to adjust to his chronic pain, and nonacceptance of his inability to function with such chronic pain. 6. That due to the dysthymic disorder, Mr. Click suffered from significant distress and impairment in social, occupational, and essentially all areas of functioning. * * * 9. That although Mr. Click had no known coronary artery disease, he did have diabetes, which predisposes him to arteriosclerosis,

---

or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation * * *."

2. Mrs. Click also included a copy of her marriage certificate and her responses to appellee Southern Ohio Correctional Facility's first set of interrogatories.

which may have contributed to the cause of the heart attack. 10. That it is my opinion based on a reasonable degree of medical and psychiatric certainty that the dysthymic disorder and chronic pain contributed to a pre-existing coronary artery disease and/or heart disease thereby contributing to the heart attack and resulting death. 11. That based on a reasonable degree of medical and psychiatric certainty the dysthymic disorder and chronic pain contributed to Mr. Click's death."

{¶ 12} When an expert's affidavit is offered to support or oppose summary judgment, the affidavit must comply with Civ.R. 56(E) as well as Evid.R. 702 through 705, which govern expert opinion testimony. *Lawson v. Song* (Sept. 23, 1997), Scioto App. No. 97CA2480, 1997 WL 596293. See, also, *Naugle v. Campbell Soup Co.* (June 20, 1986), Henry App. No. 7-84-24, 1986 WL 7312; *Miltenberger v. Exco Co.* (Nov. 23, 1998), Butler App. No. CA98-04-087, 1998 WL 812910. Under Civ.R. 56(E), an affidavit must be based on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify as to the matter. In order to be competent to testify about a matter, an expert witness must have sufficient knowledge, skill, experience, training, and education in the subject matter of his or her testimony to satisfy Evid.R. 702. See Evid.R. 702(B); *Ratliff v. Morehead* (May 19, 1998), Scioto App. No. 97CA2505, 1998 WL 254031.

{¶ 13} The only evidence offered to establish a causal connection between Mr. Click's previously allowed work-related injury and his heart attack is the affidavit of Dr. Borders, Mr. Click's psychiatrist. In his affidavit, Dr. Borders indicates that Mr. Click's previously allowed injury contributed to his death. However, Dr. Borders's affidavit does not affirmatively establish any specialized training, skill, experience, or knowledge regarding heart attacks. While Dr. Borders is a licensed medical doctor, "[a] mere showing that the physician is licensed does not always satisfy the requirement that the witness be 'qualified by specialized knowledge, skill, experience, training, or education regarding the subject matter of testimony.'" *Ratliff*, quoting Evid.R. 702. Dr. Borders's affidavit indicates that he possesses specialized knowledge, skill, experience, training, or education in the field of psychiatry. However, the affidavit does not affirmatively establish that Dr. Borders is qualified to offer an opinion above and beyond Mr. Click's psychiatric treatment.

{¶ 14} Moreover, while Dr. Borders concludes that Mr. Click's previously allowed injury contributed to his death, he fails to set forth any specific facts supporting that conclusion. As we recognized in *White v. Turner*, Scioto App. No. 01CA2802, 2002-Ohio-116, 2002 WL 59632, at ¶ 4, "Conclusory allegations are insufficient to overcome a properly supported summary judgment motion."

{¶ 15} We conclude, therefore, that Dr. Borders's affidavit does not provide competent evidence as to causation, which is the essential issue in this case. Because Mrs. Click failed to present a genuine issue for trial, the trial court properly granted summary judgment to appellees.

Judgment affirmed.

PETER B. ABELE and KLINE, JJ., concur.