DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff National City Mortgage Company filed its complaint in this case against defendants Gingo Appraisal Service Inc. and Dennis R. Long 366 days after it had voluntarily dismissed a previous lawsuit on the same causes of action against the same defendants. The trial court granted the defendants summary judgment, holding that National City had failed to file this action within either the original limitations periods applicable to its causes of action or one year after having dismissed its previous lawsuit. On appeal, National City has argued that the trial court incorrectly granted the defendants summary judgment. This *Page 2 
Court reverses the trial court's judgment because the defendants failed to carry their initial burden on summary judgment on either the question of whether National City filed this action within the original limitations periods applicable to its causes of action or the merits of National City's claims against the defendants.
 I. {¶ 2} National City filed its complaint in this case on April 7, 2006. It alleged that it is a banking institution and that Mr. Long is a state-certified appraiser employed by Gingo. As its first cause of action, it alleged that the defendants made material misrepresentations as part of an appraisal they completed of certain real property in Cuyahoga Falls, Ohio. It further alleged that the defendants knew National City would rely on those misrepresentations and that it did rely on them in lending money secured by a mortgage on the property. Finally, it alleged that it had been damaged in the amount of $41,682 as a result of the misrepresentations. As its second cause of action, it alleged that the defendants had been negligent in completing the appraisal. The complaint did not include an allegation of when the defendants had completed the appraisal at issue or when National City discovered the alleged misrepresentations.
 {¶ 3} Mr. Long moved for dismissal of National City's complaint. His entire motion consisted of two sentences:
 Now comes the Defendant and moves the Court to dismiss Plaintiffs Complaint pursuant to Rule 12(B)(6) for failure to state a *Page 3 
claim upon which relief can be granted. Plaintiff has failed to indicate the date of the Defendant's alleged conduct, and in fact, would also be barred by the Statute of Limitations to bring such claim.
 {¶ 4} The trial court thereafter entered an order in which it ruled that Mr. Long's motion to dismiss could "not be resolved except on summary proceedings" and granted the defendants leave to move for summary judgment.
 {¶ 5} On June 20, 2006, the defendants moved for summary judgment. They argued that they were entitled to summary judgment because National City had failed to file its complaint within one year after having voluntarily dismissed its complaint in a previous action on the same causes of action against the same defendants. They further argued that they were entitled to summary judgment on the merits of National City's claims against them.
 {¶ 6} The defendants included a "Statement of Facts" in their brief in support of their motion in which they made a number of factual assertions regarding the appraisal upon which National City's claims were based. Included among those assertions was that Mr. Long had been hired to do the appraisal on January 27, 2000. In a "Statement of the Case" the defendants included in their brief, they asserted that National City had "voluntarily dismissed the identical two count complaint sounding in fraud and negligence against [them] on April 6, 2005," and that it had "re-filed" its case on "April 7, 2006, out of rule and although the complaint fails to allege the date of the wrongful conduct, the *Page 4 
plaintiff is time-barred since the appraisal and the transfer of the original mortgage to plaintiff occurred in 2000."
 {¶ 7} The defendants did not cite anything in the record of this case as support for any of the factual assertions they included in either their "Statement of Facts" or their "Statement of the Case." Rather, they attached an affidavit of their lawyer to their brief in which she asserted that "the statements made in this motion for summary judgment are true, to her best information and belief."
 {¶ 8} In its brief in opposition, National City, among other things, argued that the affidavit attached to defendants' brief did not comply with Rule 56(E) of the Ohio Rules of Civil Procedure and, therefore, could not be considered in ruling on their motion for summary judgment:
 [T]he Defendants' Motion for Summary Judgment herein is not supported by any evidence of the type that may be considered under Ohio Civil Rule 56(C), and the Affidavit of [defendants' lawyer] may not be considered under Ohio Civil Rule 56(E). While the Defendant's Counsel attempts to couch her knowledge of the case as "personal knowledge," this personal knowledge comes from a review of the discovery and deposition testimony in the case, and not actual firsthand knowledge of any specific fact set forth in the Motion. As such, the entire affidavit should be disregarded and not used as a basis to grant summary judgment in favor of Defendants.
 {¶ 9} National City also specifically argued that the defendants had failed to provide any evidentiary support for their assertion that the appraisal upon which National City's complaint was based had been completed in January 2000: *Page 5 
 Defendants' Motion, without any proper evidentiary support, claims that the appraisal upon which Plaintiffs cause of action is based, took place in January 2000, therefore claims that the statute of limitations had run by April 2006.
 {¶ 10} The trial court granted defendants' motion for summary judgment, holding that National City's "claims herein are now time-barred for failure to timely re-file its complaint." National City's sole assignment of error on appeal is that the trial court incorrectly granted defendants' motion for summary judgment.
 II. {¶ 11} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard the trial court was required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990). The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall, 77 Ohio St. 3d 421, 429 (1997). The moving party must point to some evidence in the record of the type listed in Rule 56(C) of the Ohio Rules of Civil Procedure in support of its motion. Dresher v. Burt, 75 Ohio St. 3d 280, 292-3
(1996). A failure by the moving party to satisfy this initial burden results in denial of summary judgment. Id. at 293. *Page 6 
 {¶ 12} Rule 56(E) of the Ohio Rules of Civil Procedure provides that affidavits supporting and opposing summary judgment must be based on "personal knowledge":
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.
 {¶ 13} Defendants' lawyer's affidavit indicated that she represented the defendants in the original case National City had filed against them. She would, therefore, have had "personal knowledge" of when National City dismissed that case. She would not, however, have had personal knowledge of when the appraisal had been completed or anything else related to the merits of National City's claims against defendants. Her knowledge of those matters would have been secondhand, based upon what she learned from her clients or from discovery in the original case. As such, her affidavit, to the extent it related to anything other than the date upon which the first lawsuit was dismissed, did not qualify for consideration under Rule 56(C) of the Ohio Rules of Civil Procedure. See Ray v. Ramada Inn North, 171 Ohio App. 3d 1,2007-Ohio-1341, ¶ 47.
 {¶ 14} The Ohio Saving Statute, Section 2305.19(A) of the Ohio Revised Code, permits a plaintiff to re-file its complaint in a case that failed otherwise than on the merits within one year of the failure or within the original limitations period, whichever expires later: *Page 7 
 In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiffs failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.
 {¶ 15} Defendants' lawyer's affidavit carried their initial burden on the question of whether the complaint in this case was filed within one year of National City's dismissal of its previous case against the defendants. It did not, however, carry their initial burden on either the question of whether it was filed within the original statute of limitations, or on the merits of National City's claims against defendant. Defendants failed to submit any evidentiary material that qualified under Rule 56(C) tending to prove when National City's fraud and negligence claims accrued and, therefore, when the applicable limitations periods began or ended. They also failed to submit any evidentiary material that qualified under Rule 56(C) on the merits of National City's claims against them.
 {¶ 16} Inasmuch as defendants failed to carry their initial burden on summary judgment, the trial court erred by granting their motion for summary judgment. National City's assignment of error is sustained.
 III. {¶ 17} National City's assignment of error is sustained. The judgment of the Summit County Common Pleas Court is reversed.
 Judgment reversed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
 SLABY, P. J., MOORE, J. CONCUR. *Page 1