DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants, Dennis Long and Gingo Appraisal Services, appeal the judgment of the Summit County Court of Common Pleas that found them liable and awarded damages in an action for professional negligence in the performance of a real estate appraisal. We affirm.
 {¶ 2} Dennis Long appraised a home located at 2122 21st
Street in Cuyahoga Falls on January 27, 2000. At the time, he was a state certified real estate appraiser employed by Gingo Appraisal Services. National City loaned money for the purchase of the home and secured a mortgage. The mortgage was insured by the United States Department of Housing and Urban Development (HUD). In October 2001, National City sold its interest in the loan to Aurora Loan Services. Aurora initiated foreclosure proceedings against the borrowers, who had been delinquent in their mortgage payments since May 2001. In late 2001, Aurora also became aware of defects in Long's appraisal that would relieve HUD of its obligation to insure the mortgage. *Page 2 
Aurora demanded that National City repurchase the loan. After completing its own investigation into the deficiencies in the appraisal brought to light by Aurora's demand, National City did so. It also executed an indemnification agreement in favor of HUD. The foreclosure case continued and, at some point in the proceedings, the parties and court became aware that the October 2001 transfer of interest in the mortgage had not been recorded. Some delay appears to have resulted from this confusion, but the foreclosure action proceeded to judgment, and National City purchased the property at a sheriffs sale.
 {¶ 3} On April 7, 2006, National City filed a complaint against Gingo and Long, alleging fraud and negligence in connection with the January 2000 appraisal. Gingo and Long moved the trial court for summary judgment, arguing that National City's complaint, which had been refiled after voluntary dismissal, was untimely pursuant to R.C. 2305.19. On August 31, 2006, the trial court granted summary judgment to Gingo and Long. Specifically, the trial court found that the statutes of limitations for National City's fraud and negligence claims were each four years and that the refiled case had not been filed within the savings period or within the applicable statutes of limitations. National City appealed to this Court. On September 28, 2007, this Court reversed the judgment of the trial court, holding that Gingo and Long "failed to submit any evidentiary material that qualified under [Civ. R.] 56(C) tending to prove when National City's fraud and negligence claims accrued and, therefore, when the applicable limitations periods began or ended." National City Mtge. Co. v. Gingo Appraisal Servs., Inc., 9th Dist. No. 23425, 2007-Ohio-5113, at ¶ 15.
 {¶ 4} The case was tried to the bench on February 28, 2008, on National City's claim of professional negligence only. The trial court found Gingo and Long liable for professional *Page 3 
negligence in connection with the appraisal and awarded National City compensatory damages in the amount of $80,000. This appeal followed.
 ASSIGNMENT OF ERROR "The Trial Court erred by finding facts not in evidence and failing to consider significant evidence of Appellee's own negligent conduct, to conclude against the manifest weight of the evidence that Appellant's negligence was the direct and proximate cause of Appellee's damages."
 {¶ 5} Gingo and Long's sole assignment of error argues that the trial court's judgment is against the manifest weight of the evidence because the evidence at trial did not demonstrate that Long's negligent conduct proximately caused damages to National City.
 {¶ 6} When reviewing the evidence in a civil case to determine whether the judgment is against the manifest weight of the evidence, this Court considers whether there is "some competent, credible evidence going to all the essential elements of the case[.]" State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 24, quoting C.E. Morris Co. v. FoleyConstr. Co., 54 Ohio St.2d 279, syllabus. In applying this standard, we must presume that the trial court's findings are correct and will not reverse the trial court based solely upon a different evaluation of the credibility of the witnesses at trial. Wilson at ¶ 24, citingSeasons Coal, Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 81. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id.
 {¶ 7} "Briefly stated, the proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." Aiken v. Indus. Commn. (1944), 143 Ohio St. 113, 117. When an intervening act occurs between the negligent act and injury, the sequence of causation is severed: *Page 4 
 "`Whether an intervening act breaks the causal connection between negligence and injury depends upon whether that intervening cause was reasonably foreseeable by the one who was guilty of the negligence. If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone.'" (Internal citations omitted.) Cascone v. Herb Kay Co.
(1983), 6 Ohio St.3d 155, 159, quoting Mudrich v. Standard Oil Co. (1950), 153 Ohio St. 31, 39.
Gingo and Long have argued that, even assuming that Long conducted a negligent appraisal, his negligence did not proximately cause National City to suffer damages. Specifically, they have argued that the homeowners' default was an intervening act: that Long could not have reasonably foreseen that National City would incur damages as a result of foreclosure because he could not have anticipated the homeowners' default.
 {¶ 8} This Court disagrees. The competent, credible evidence at trial established that National City loaned money for purchase of the property at issue in reliance on the fact that its loan would be insured by HUD; that HUD determined that it would not insure the loan once the deficient appraisal became known; and that HUD "voided the mortgage insurance on the loan" and required National City to sign an indemnification agreement. National City employee Ramona Conley testified that HUD noted "a lot of deficiencies" with Long's appraisal, including the property's proximity to a gas station and pumps. Ms. Conley, who confirmed that she was also the person who dealt directly with HUD representatives by phone, testified that the deficiencies in the appraisal — including the proximity of the property to the gas pumps-led HUD to withdraw National City's insurance. Ms. Conley testified that with respect to HUD's appraisal standards, the property's location next to the gas station would be "pretty cut and dry."
 {¶ 9} It may very well be that the property owners would have defaulted on their loan even had Long not conducted a deficient appraisal. In that event, however, National City would *Page 5 
have sustained an insured loss, the end result of which would have been of little financial consequence. As a proximate cause of Long's negligence, however, National City sustained an uninsured loss as a result of the foreclosure. There is competent, credible evidence supporting the trial court's judgment in favor of National City and its award of damages, and the judgment is not against the manifest weight of the evidence.
 {¶ 10} Gingo and Long's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellants. *Page 6 
 CARR, P. J. WHITMORE, J. CONCUR *Page 1