DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, Ohioans for Concealed Carry, Inc., and James J. Stricker, Jr., appeal the Sandusky Court of Common Pleas' grant of summary judgment to appellees, the city of Clyde, Ohio, and its solicitor, mayor, vice-mayor, city manager, chief of *Page 2 
police, councilmen, clerk-treasurer, and the Sandusky County Sheriff. The Ohio Attorney General filed a brief as an intervenor-appellant. On December 12, 2006, the Ohio Legislature passed H.B. 347, amending the concealed carry laws at issue. Due to the passage of H.B. 347, we reverse and instruct the trial court to enter summary judgment in favor of appellants.
 {¶ 2} Appellants filed a complaint seeking injunctive and declaratory relief from Clyde Codified Ordinance 2004-41. Clyde enacted the ordinance on May 18, 2004, after the Ohio Legislature passed H.B. 12, otherwise known as the "concealed carry laws." Those laws, R.C. 2923.11
et seq., allow individuals to obtain licenses to carry concealed handguns and provide a procedure for procuring licenses. R.C. 2923.126
prohibits licensees from carrying concealed handguns in certain places; however, the statute does not specifically list municipal parks. Clyde's ordinance prohibited persons from carrying "any deadly handgun" within the confines of "any City Park," irrespective of whether a person possesses a license for a concealed handgun issued pursuant to the concealed carry laws. The penalty for a violation of Ordinance 2004-41 was a misdemeanor of the first degree.
 {¶ 3} The trial court granted a preliminary injunction to prohibit enforcement of Ordinance 2004-41 pending the outcome of a hearing. Appellants argued that Clyde's ordinance invalidly conflicted with Ohio's concealed carry laws. Specifically, they argued that Clyde's ordinance was an exercise in police power that conflicted with the general law of concealed carry. On September 1, 2006, this court decidedCity of Toledo *Page 3 v. Beatty, 6th Dist. No. L-05-1319, 2006-Ohio-4638, which involved a city of Toledo ordinance nearly identical to Clyde's Codified Ordinance 2004-41. In Beatty, we held that Toledo's ban on concealed weapons on city parks was an exercise of police power. However, we also held that Ohio's concealed carry laws were not "general" laws pursuant to Canton v. State, 95 Ohio St.3d 149, 2002-Ohio-2005. Therefore, we concluded that Toledo's ban on concealed weapons in city parks did not conflict with Ohio's concealed carry laws, and we upheld the validity of the Toledo ordinance.
 {¶ 4} The trial court granted summary judgment for appellees on the controlling precedent of Beatty. However, by consent of the parties, the trial court continued the temporary injunction and entered a stay of its order pending appeal. Thus, Ordinance 2004-41 has remained unenforced.
 {¶ 5} Appellants filed a timely notice of appeal and now raise the following assignments of error:
 {¶ 6} "A. THE TRIAL COURT ERRED IN HOLDING THAT R.C. 2923.126 IS NOT A GENERAL LAW.
 {¶ 7} "B. THE TRIAL COURT ERRED IN HOLDING THAT OHIO'S CONCEALED CARRY LAW DOES NOT PREEMPT CLYDE CODIFIED ORDINANCE 2004-41."
 {¶ 8} On December 12, 2006, while this appeal was pending, the Ohio Legislature passed H.B. 347 over Governor Taft's veto. The bill affects 31 different *Page 4 
statutes, most of which comprise the concealed carry laws. The bill also added R.C. 9.68, which states in pertinent part:
 {¶ 9} "(A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. Except as specifically provided by the United StatesConstitution, Ohio Constitution, state law, or federal law, a person,without further license, permission, restriction, delay, or process, mayown, possess, purchase, sell, transfer, transport, store, or keep anyfirearm, part of a firearm, its components, and its ammunition.
 {¶ 10} "(B) In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section." R.C. 9.68(A), (B) (emphasis added).
 {¶ 11} In Beatty, we found a conflict between R.C. 2923.126(C), which allows individual employers, owners or occupiers of land to decide whether to allow a properly licensed person to carry a concealed weapon on their property, and R.C. 2923.16(B), which prohibits properly licensed persons from carrying concealed weapons into certain defined areas. We concluded that because "R.C. 2923.126(C) prohibits that which R.C. *Page 5 2923.126(A) permits * * * R.C. 2923.126(A) does not have uniform application to all citizens of the state, and as such is not a general law." As such, we upheld the validity of the Toledo ordinance prohibiting properly licensed persons from carrying concealed weapons into city-owned parks.
 {¶ 12} R.C. 9.68 became effective March 14, 2007. The emphasized language quoted supra indicates the Ohio Legislature's clear intent that the concealed carry laws have general and uniform operation throughout Ohio. Since, pursuant to R.C. 9.68, no law, other than the United States Constitution, Ohio Constitution, state law, or federal law, may interfere with the right to "keep and bear arms," local ordinances which further restrict the places in which a person may legally carry a concealed weapon are invalid. Therefore, Clyde Codified Ordinance 2004-41 is pre-empted by R.C. 9.68 and 2923.126, and summary judgment must be entered in appellants' favor. Appellants' assignments of error are well-taken.
 {¶ 13} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded for the trial court to enter summary judgment in favor of appellants. Appellants' motion to file supplemental authority is moot. Appellee, the city of Clyde, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., JUDGE, Mark L. Pietrykowski, P.J., JUDGE, William J. Skow, J., JUDGE. *Page 1