[Cite as *Medina v. Osiecki*, 2011-Ohio-1534.]

STATE OF OHIO                )          IN THE COURT OF APPEALS
                             )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA             )

CITY OF MEDINA                          C. A. No.     09CA0064-M

    Appellee

    v.                                  APPEAL FROM JUDGMENT
                                        ENTERED IN THE
DAVID M. OSIECKI                        MEDINA MUNICIPAL COURT
                                        COUNTY OF MEDINA, OHIO
    Appellant                           CASE Nos.    08 CRB 00218
                                                     08 TRD 01583

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

CARR, Judge.

{¶1}    The appellant, David Osiecki, appeals the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2}    On February 17, 2008, David Osiecki was driving a motor vehicle on Branch Road in Medina, Ohio, when he was pulled over by law enforcement. The Medina police subsequently issued Osiecki two traffic tickets. The first ticket charged Osiecki with driving on a closed road in violation of Medina City Ordinance ("M.C.O.") 331.26, as well as not properly using his turn signal in violation of M.C.O. 331.14. Both offenses are minor misdemeanors. The second ticket charged Osiecki with improperly handling firearms in a motor vehicle in violation of M.C.O. 549.04(a), a misdemeanor of the fourth degree. On March 3, 2008, the charge of improperly handling firearms in a motor vehicle was amended to a violation of M.C.O. 549.04(b)(2). On March 10, 2008, Osiecki was summoned to appear in court on April 15, 2008,

on Case Nos. 08CRB00218 and 08TRD01583. While both case numbers appear on certain filings made by the parties as well as journal entries issued by the trial court, the cases were never formally consolidated.

{¶3} On July 8, 2008, Osiecki filed a motion to dismiss the charge of improperly handling firearms in a motor vehicle in Case No. 08CRB00218 for lack of subject matter jurisdiction. Osiecki argued that R.C. 9.68 preempts all local municipal firearm ordinances. The State responded to the motion to dismiss in Case No. 08CRB00218 on July 29, 2008. The State argued that M.C.O. 549.04(b)(2) was "identical in its statutory language, name of the criminal offense, and penalty to the relevant State criminal statute[,]" R.C. 2923.16. In the alternative, the State moved to amend the charge, pursuant to Crim.R. 7(D), from a violation of M.C.O. 549.04(b)(2) to a violation of R.C. 2923.16(C). Osiecki filed a reply on August 12, 2008. The State subsequently filed a response to Osiecki's reply on August 27, 2008, and Osiecki replied to the response on September 5, 2008.

{¶4} Prior to the issuance of an order ruling on Osiecki's motion to dismiss for lack of subject matter jurisdiction, the State filed a motion to dismiss on November 14, 2008. In its motion, the State moved to dismiss the improperly handling firearms in a motor vehicle charge in Case No. 08CRB00218 on the basis that there had been "a change in R.C. 2923.16 which inure[d] to the defendant's benefit." The statutory change took effect on September 9, 2008. The State indicated that it intended to proceed with the traffic citations in Case No. 08TRD01583. On December 2, 2008, the trial court issued a journal entry dismissing the improperly handling firearms charge in Case No. 08CRB00128 and assessed costs to the State. The remaining charges in Case No. 08TRD01583 were scheduled for trial on December 19, 2008. The trial was subsequently continued until January 16, 2009.

**{¶5}** On January 16, 2009, Osiecki entered into a plea agreement where he pleaded no contest to not properly using his turn signal in violation of M.C.O. 331.14. The charge of driving on a closed road in violation of M.C.O. 331.26 was dismissed. Osiecki was found guilty by a magistrate of not properly using his turn signal. Neither party disputes that this finding was made without an explanation of circumstances. The record contains a copy of the file jacket which indicates that Osiecki was ordered to pay a fine of $50.00. When Osiecki paid the fine on January 16, 2009, the clerk of courts attempted to collect a total of $704.00. The record contains a notice dated January 16, 2009, which indicates that Osiecki had paid $50.00 and owed a balance of $654.00. This notice was signed by a deputy clerk of courts. On January 20, 2009, Osiecki filed an affidavit with the trial court in which he averred that no court costs were imposed in his case and that he had paid $50.00 to satisfy the fine imposed by the trial court. Subsequently, the trial court issued a journal entry on February 3, 2009, which indicated that Osiecki had been "adjudicated guilty" of a "minor misdemeanor charge" and that he must pay a $50.00 fine before February 27, 2009. The trial court indicated that "all jury related costs, a total of Three Hundred Sixty Dollars ($360.00), are suspended." The trial court directed the clerk of courts to "issue an amended statement for fine and costs." The journal entry further stated that, "[p]ursuant to the existing entry of this court, all payments shall first be applied to costs and then to the fine." Subsequently, the clerk of courts sent Osiecki a notice, dated February 4, 2009, that he still owed a balance of $294.00 on a "total fine and costs" of $344.00. This document was signed by a deputy clerk of courts.

**{¶6}** On February 27, 2009, Osiecki filed a notice of appeal from the February 3, 2009 judgment entry. Osiecki listed both Case No. 08CRB00218 and Case No. 08TRD01583 on his notice of appeal. On April 2, 2009, this Court issued a magistrate's order asking the parties to

address three issues relating to this Court's jurisdiction. First, the order from which Osiecki appealed stated that Osiecki entered a plea "on the minor misdemeanor charge" but did not identify the specific charge for which Osiecki was convicted and sentenced. This Court also expressed concern with the January 16, 2009 docket entry listed as "Fine & Costs Due" and asked the parties to clarify whether the trial court had previously issued an order addressing sentencing. Finally, this Court noted that while Osiecki listed two case numbers on his notice of appeal, the order attached to his notice of appeal was filed in Case. No. 08TRD01583. Thus, it was unclear to this Court why the second case was involved and whether the two cases had been consolidated.

{¶7} Osiecki filed a response on April 24, 2009, in which he attempted to address the specific issues raised in the magistrate's order. Osiecki specifically noted that "[t]here were no orders that Osiecki is aware of that consolidated these two cases. Nor is there one reflected in either docket sheet." Osiecki argued that while the February 3, 2009 journal entry did not reflect the specific charges, the order which it amended did. The order to which Osiecki refers is the "sentencing order of the magistrate" which consisted of the case file jacket which had been signed by the magistrate. With respect to the docket entry listed as "Fine & Costs Due," Osiecki stated that he had not been able to find in the record any documents that ordered him to pay court costs as of January 16, 2009. Osiecki surmised that it "appear[ed] to be a notation on the docket sheet made by the Clerk of Courts without any supporting documentation." With respect to the order from which Osiecki appealed only containing one case number, Osiecki noted, "Why the Order was filed in only the 08TRD01583 docket sheet is not clear, but presumably it was filed there because it was only for the traffic charges."

{¶8} On May 21, 2009, this Court issued a journal entry dismissing Osiecki's appeal for lack of a final, appealable order. This Court noted that while Osiecki attempted to explain the aforementioned issues, "he concede[d] that the order appealed fails to contain the charge addressed." This Court also acknowledged Osiecki's observation in his response that that the "record is very confusing as to how the Medina Municipal Court documented in its record the charges against Osiecki." This Court concluded that such ambiguity precludes our jurisdiction, as the trial court must determine the matter before it such that the parties are sufficiently apprised of their rights and obligations. Finally, this Court noted that Osiecki relied on an entry signed by a magistrate to document that the charge of improperly handling of a firearm in a motor vehicle had been dismissed. Based on the aforementioned issues, this Court concluded that it was without jurisdiction to hear the appeal.

{¶9} While the appeal relating to the traffic charges was pending, Osiecki filed a motion for attorney fees with the trial court on March 2, 2009. Osiecki listed both Case No. 08CRB00218 and Case No. 08TRD01583 on his motion. In his motion, Osiecki argued that he was entitled to attorney fees under R.C. 9.68(B) because he had successfully defended the charge of improperly handling firearms in a motor vehicle. On March 5, 2009, the trial court issued a journal entry indicating that the State had until March 16, 2009, to respond to the motion for attorney fees. On March 17, 2009, the State filed a motion for leave to respond to Osiecki's motion for attorney fees, as well a formal response to the motion. On March 18, 2009, the trial court granted the motion for leave and noted that it would consider the response filed on March 17, 2009. The trial court held a hearing on the motion for attorney fees on July 6, 2009. On August 12, 2009, the trial court denied Osiecki's motion for attorney fees.

{¶10} Osiecki filed a notice of appeal on September 14, 2009. On September 24, 2009, this Court dismissed the appeal by journal entry on the basis that it was not timely filed. On September 29, 2009, the trial court lifted the stay of the proceedings. On November 12, 2009, this Court issued a journal entry reinstating the appeal on the basis that Osiecki had demonstrated that he filed his notice of appeal on September, 11, 2009, and that it was not time-stamped until September 14, 2009. On December 10, 2009, Osiecki filed an emergency motion to stay payment of court costs. In his motion, Osiecki argued that he had been notified that his driver's license would be suspended if he did not pay $294.00 within 30 days. Osiecki contended that he had filed a motion to renew the stay with the trial court on December 3, 2009, but the trial court had not ruled on the motion. Osiecki further noted that the reinstatement of the appeal was not recorded on the trial court docket sheet for the traffic case. On December 24, 2009, this Court denied Osiecki's motion on the basis that a motion for stay of the trial court's judgment must first be made to the trial court pursuant to App.R. 7(A) and Osiecki had not demonstrated that the trial court had denied the requested relief.

{¶11} Also on December 24, 2009, Osiecki filed with this Court a motion for extension of time to transmit the record. In the motion, Osiecki indicated that the clerk of courts had informed him that there had been a delay in preparing the record and the record would not be ready until after January 1, 2010. On January 5, 2010, Osiecki filed a motion to correct the record pursuant to App.R. 9(E). In his motion, Osiecki indicated that he had received a letter from this Court on December 31, 2009, which indicated that the record had been completed on December 22, 2009. Osiecki contended that the "'Docket Transcript' as filed with the Court of Appeals is not an accurate and complete record of the proceedings in the lower court." This Court issued a journal entry on January 29, 2010, which granted Osiecki's motion to correct the

record, in part, and denied the motion, in part. As the record did not contain the transcript of proceedings, this Court ordered the notice of filing the record stricken. To the extent that Osiecki argued that the record was inaccurate and should be corrected, this Court denied the motion on the basis that it was not within the scope of this Court's authority to resolve disputes regarding the trial court record. This Court also denied Osiecki's motion for an extension of time as premature.

{¶12} On February 4, 2010, a transcript of docket and journal entries was filed with this Court. On February 11, 2010, Osiecki filed an emergency motion to correct the record with the trial court pursuant to App.R. 9(E). In his motion, Osiecki asked the trial court to order the clerk of courts "to correct the [appellate] record so that it is consistent with the official records of the trial court as shown by the official docket sheets kept by the clerk." On the same day, the trial court issued a journal entry in which it indicated that it had "reviewed the trial court transcript filed with the Court of Appeals on February 4, 2010[,]" and identified one error. Specifically, the trial court noted that the motion for attorney fees filed on March 2, 2009, consisting of items 132-136 on the docket sheet, was incorrectly recorded as "NOTICE FOR ATTORNEY FEES." The trial court concluded:

> "The transcript filed with the Court of Appeals as provided by the Clerk of court accurately reflects the trial proceedings conducted in this court with only one exception: The defendant's assertion that 'the clerk fabricated her own record for appeal' is absolutely false. The transcript should reflect case activity for case numbers 08CRB00218 and 08TRD01583. The clerk is ordered to immediately file a transcript that contains both case numbers on the pages listing the documents contained in the transcript and that reflects items 132-136 filed on 3/2/09 as 'Motion for Attorney Fees.'
>
> "The balance of the defendant's motion to correct the record is denied."

An updated transcript of docket and journal entries was filed with the Court on February 12, 2010.

{¶13} On appeal, Osiecki raises six assignments of error. This Court rearranges and consolidates some of those assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

"WHEN A CLERK OF COURT PREPARES A RECORD ON APPEAL TO BE TRANSMITTED TO THE APPELLATE COURT AND THE TRANSMITTAL INCLUDES DOCUMENTS NOT POSTED ON THE OFFICIAL DOCKET SHEETS KEPT BY THE CLERK AND MADE AVAILABLE TO THE PUBLIC AND ALSO HAS OTHER CONFLICTING ASPECTS WITH THE DOCKET SHEETS, A MUNICIPAL COURT JUDGE ERRS WHEN HE FAILS TO REQUIRE THE CLERK TO PREPARE A CORRECT AND ACCURATE RECORD ON APPEAL THAT IS NOT THE SAME AS THE OFFICIAL DOCKET SHEETS."

{¶14} In his first assignment of error, Osiecki argues the record transmitted to this Court is not valid for the purpose of deciding his appeal. We do not reach the merits of his assignment of error.

{¶15} App.R. 9(E) states:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

{¶16} The Supreme Court of Ohio has held that, "[t]wo things are clear from the rule. The first is that either the trial court or the court of appeals may order that a record be corrected and supplemented. The second is that where a party seeks to have the record corrected, it is within the province of the trial court to resolve disputes about the record on appeal." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 81.

{¶17} In discussing the scope of the trial court's authority to resolve disputes about the record under App.R. 9, the Supreme Court relied on the Eighth District's decision in *Joiner v. Illuminating Co.* (1978), 55 Ohio App.2d 187, 195-196, which states:

> "Appellate Rules 9(C), (D), and (E) clearly state that if there are any objections, proposed amendments, or disagreements as to the proper contents of the statement of evidence or proceedings, of an agreed statement, or of the record as usually constituted under App.R. 9(A), these differences shall be submitted to and settled by the court."

{¶18} As noted above, Osiecki filed a motion to correct the record with this Court on January 5, 2010. To the extent that Osiecki argued that the record was inaccurate and should be corrected, this Court ruled that the dispute is to be settled by the trial court pursuant to App.R. 9(E). This Court emphasized that it is not within our authority to "resolve disputes about the trial court's record in the course of an appeal." See *Schiebel*, 55 Ohio St.3d at 82. On February 11, 2010, Osiecki filed an emergency motion to correct the record with the trial court pursuant to App.R. 9(E). The trial court subsequently issued a journal entry indicating that it had reviewed the trial court transcript filed with the Court of Appeals and identified only one error. The trial court noted that the motion for attorney fees filed on March 2, 2009, was incorrectly recorded as a "notice" for attorney fees. The trial court specifically found that Osiecki's assertion that the "'clerk fabricated her own record for appeal' is absolutely false." The trial court ordered the clerk to correct the one mistake in the record and stated that the remaining portion of the record "accurately reflect[ed] the trial proceedings conducted in this court[.]" Thus, the dispute with respect to the appellate record in this case has already been submitted to and settled by the trial court. *Schiebel*, 55 Ohio St.3d at 81. As this Court is without authority to address disputes with respect to the record, this Court declines to reach the merits of Osiecki's first assignment of error.

## ASSIGNMENT OF ERROR II

"WHEN A DEFENDANT PLEADS NO CONTEST TO AN OFFENSE AND A MAGISTRATE FAILS TO CONSIDER ANY EXPLANATION OF THE CIRCUMSTANCES OF THE OFFENSE, IT IS ERROR TO FIND A DEFENDANT GUILTY."

## ASSIGNMENT OF ERROR III

"WHEN A MAGISTRATE DOES NOT NOTIFY THE DEFENDANT OF THE IMPOSITION OF COURT COSTS, IT IS ERROR FOR THE JUDGE OF A MUNICIPAL COURT TO SUBSEQUENTLY IMPOSE COURT COSTS."

## ASSIGNMENT OF ERROR IV

"WHEN A MAGISTRATE DOES NOT NOTIFY THE DEFENDANT OF THE IMPOSITION OF COURT COSTS, IT IS ERROR FOR THE CLERK OF COURT TO UNILATERALLY ASSESS COURT COSTS THAT ARE NOT ORDERED AND/OR AUTHORIZED BY STATUTE."

{¶19} In Osiecki's second, third, and fourth assignments of error, he raises challenges relating to the traffic charges contained in Case No. 08TRD01583.

{¶20} As a preliminary matter, this Court is obligated to raise sua sponte questions related to its jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186. This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M.

{¶21} On February 27, 2009, Osiecki appealed the trial court's February 3, 2009 judgment entry. On April 2, 2009, this Court issued an order asking the parties to address several issues relating to this Court's jurisdiction. Osiecki filed a motion in response on April 24, 2009. This Court subsequently issued a journal entry on May 21, 2009, dismissing Osiecki's appeal for lack of a final, appealable order. Osiecki currently appeals from the order which denied his motion for attorney fees relating to the charge of improperly handling firearms in a

motor vehicle. The trial court had previously issued a judgment entry on December 2, 2008, dismissing the charge of improperly handling firearms in a motor vehicle in Case No. 08CRB00218. Osiecki later filed a motion for attorney fees on March 2, 2009. After a hearing, the trial court denied the motion on August 12, 2009. On September 14, 2009, Osiecki filed a notice of appeal "from the final judgment in favor of [the State], which was entered in this action on August 12, 2009." With respect to Case No. 08TRD01583, however, Osiecki has not demonstrated that he appeals from a final, appealable, order. The fact that the trial Court issued a judgment entry with respect to Osiecki's motion for attorney fees in Case No. 08CRB00218 does not cure the jurisdictional issues which arose in Osiecki's previous appeal. As Osiecki has already appealed Case No. 08TRD01583 to this Court and had it dismissed for lack of a final, appealable order, he cannot raise issues relating to the traffic charges in his current appeal from the denial of his motion for attorney fees in Case No. 08CRB00218. It follows that this Court is without jurisdiction to address Osiecki's second, third, and fourth assignments of error.

## ASSIGNMENT OF ERROR VI

"WHERE A DEFENDANT IS CHARGED WITH A MISDEMEANOR OF IMPROPER TRANSPORTING OF A FIREARM UNDER A MUNICIPAL ORDINANCE, AND THE CHARGE IS DISMISSED, IT IS ERROR FOR THE TRIAL COURT TO DENY ATTORNEY FEES UNDER [R.C.] 9.68 BY HOLDING THAT THE DEFENDANT DID NOT PREVAIL."

{¶22} In his sixth assignment of error, Osiecki argues that the trial court erred in concluding that he was not the prevailing party for the purposes of R.C. 9.68(B). We disagree.

{¶23} R.C. 9.68 states, in a relevant part:

"(A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their

ammunition. Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition.

"(B) In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section."

The statute does not define the term "prevails."

{¶24} In denying Osiecki's motion for attorney fees, the trial court noted that the "procedural history of this case is important to the decision concerning the issue before the court." Osiecki filed a motion to dismiss for a lack of subject matter jurisdiction the charge of improperly handling firearms in a motor vehicle on July 8, 2008. In his motion, Osiecki argued that R.C. 9.68 preempted all municipal firearm ordinances. Specifically, Osiecki argued that (1) the police officer had no legal authority to charge Osiecki with a firearms violation per the Medina ordinance; (2) the Assistant Medina Prosecutor had no legal authority prosecute a firearms charge against Osiecki; and (3), the trial court had no subject matter jurisdiction to hear a charge made in violation of R.C. 9.68. In support of his position, Osiecki cited *Ohioans for Concealed Carry, Inc. v. Clyde*, 6th Dist. Nos. S-06-039, S-06-040, 2007-Ohio-1733. In its response which was filed on July 29, 2008, the State argued that M.C.O. 549.04(b) is identical to R.C. 2923.16(C) in both language and punishment. The State argued that pursuant to the Home Rule Amendment of the Ohio Constitution, M.C.O. 549.04(b) was viable because it was not in conflict with the general laws of Ohio. Osiecki subsequently filed a reply on August 12, 2008. Attached to the reply was a copy of the police report, in which the officer stated:

"I asked for his driver's license and insurance card. He handed me the OL and CWW permit. I asked him if he was carrying his weapon on him and he stated no. I asked if it was in the vehicle and he stated that it was. I asked where and he said that it was in the dash. He then opened a compartment in the dash that was

less than arms length from him. Inside was a semi-automatic pistol and laying beside it was the magazine, clearly loaded w/ ammo."

The State filed a rebuttal to the reply August 27, 2008, and on September 5, 2008, Osiecki filed a reply to the State's rebuttal.

{¶25} At the time Osiecki was charged, R.C. 2923.16(F)(4) stated:

"Divisions (B) and (C) of this section do not apply to a person who transports or possesses a handgun in a motor vehicle if, at the time of that transportation or possession, all of the following apply:

"(a) The person transporting or possessing the handgun is carrying a valid license or temporary emergency license to carry a concealed handgun issued to the person under [R.C.] 2923.125 or 2923.1213 or a license to carry a concealed handgun that was issued by another state with which the attorney general has entered into a reciprocity agreement under [R.C.] 109.69.

"(b) The person transporting or possessing the handgun is not knowingly in a place described in division (B) of [R.C.] 2923.126.

"(c) One of the following applies:

"(i) The handgun is in a holster on the person's person.

"(ii) The handgun is in a closed case, bag, box, or other container that is in plain sight and that has a lid, a cover, or a closing mechanism with a zipper, snap or buckle, which lid, cover, or closing mechanism must be opened for a person to gain access to the handgun.

"(iii) The handgun is securely encased by being stored in a closed, locked glove compartment or in a case that is locked."

At the time Osiecki was charged, M.C.O. 549.04(d)(2) contained identical language to R.C. 2923.16(F)(4). Subsequent to the filing of Osiecki's motion to dismiss but prior to the issuance of a ruling on the motion, the Ohio legislature amended R.C. 2923.16(F)(4)(c)(iii). The amendment, which took effect on September 9, 2008, deleted the word "locked" before "glove compartment" and inserted the language "or vehicle console" after "glove compartment."

{¶26} Before the trial court could issue a ruling on Osiecki's motion to dismiss for lack of subject matter jurisdiction, the State filed a motion to dismiss on November 14, 2008. The

State moved to dismiss the charge of improperly handling firearms charge on the basis that there had been "a change in R.C. 2923.16 which inure[d] to the defendant's benefit." The State noted that the statutory change took effect on September 9, 2008, and asked that the case be dismissed with costs to the State. The State indicated that it intended to proceed with the traffic citations in Case No. 08TRD01583. On December 2, 2008, the trial court issued a journal entry dismissing the improperly handling firearms charge in Case No. 08CRB00218 and assessed costs to the State.

{¶27} In subsequently finding that Osiecki was not the prevailing party for the purposes of awarding attorney fees under R.C. 9.68(B), the trial court stated, "Although the law in effect at the time the defendant was cited required that the glove compartment be closed and locked, the State chose to exercise its discretion because the change in the law occurred while the case was pending and was to the benefit of the defendant." In support of its conclusion, the trial court cited the Supreme Court of Ohio's decision in *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 675, for the proposition that a prevailing party does not exist when a claim is voluntarily dismissed.

{¶28} On appeal, Osiecki argues that the State filed a motion to dismiss in an attempt to circumvent R.C. 9.68(B). Osiecki contends that the State was aware that he would be awarded attorney fees if it continued to prosecute the case. Osiecki contends that "the prosecution knew it was facing a serious problem" in light of the Supreme Court of Ohio's decision in *Ohioans for Concealed Carry, Inc. v. Clyde*, 120 Ohio St.3d 96, 2008-Ohio-4605, in which the high court held that a city ordinance that conflicted with general law governing licenses to carry concealed handguns was unconstitutional. Osiecki further contends that, because the amended statutory language would not be applied retroactively, the State was not obligated to dismiss the charge on the basis that the change in law benefited Osiecki. In his merit brief, Osiecki notes that there are

no cases which address the issue of what constitutes a prevailing party in the criminal context. Instead of looking to the Supreme Court's decision in *Sturm* for guidance on what constitutes a prevailing party for the purposes of R.C. 9.68(B), Osiecki urges this Court to consider its decision in *Haynes v. Christian*, 9th Dist. No. 24556, 2009-Ohio-3973.[1]

{¶29} In light of the aforementioned procedural history of this case, we conclude that Osiecki did not "prevail[] in a challenge to an ordinance, rule, or regulation as being in conflict with [R.C. 9.68]." See R.C. 9.68(B). This Court recognizes a distinction between mounting a successful challenge to the validity of a criminal statute and avoiding conviction because the State moved to dismiss a charge. Unlike the circumstances at issue in *Clyde*, Osiecki did not file an action "seeking an order striking down the ordinance and, further, seeking injunctive relief prohibiting [him] from curtailing gun owners' rights." *Clyde* at ¶19. This case involved a criminal proceeding where there was never a decision or verdict rendered in favor of Osiecki. A trier of fact did not make a finding that Osiecki was not guilty of improperly handing firearms in a motor vehicle and Osiecki did not prevail on his motion to dismiss for lack of subject matter jurisdiction. Instead, the State exercised its discretion to dismiss the improperly handling firearms in a motor vehicle charge due to a change in the law. Osiecki's argument that the State moved to dismiss the charge simply to circumvent R.C. 9.68(B) is not supported by the record. In its motion in opposition to Osiecki's motion for attorney fees, the State noted that it moved to dismiss the charge under M.C.O. 549.04(b)(2) "on the grounds that R.C. 2923.16, the identically-worded state statute on which the city ordinance is based, had been amended effective

---

[1] In *Haynes*, this Court considered the definition of "prevailing party" for the purposes of Civ.R. 54 in a case where an injured motorist brought a personal injury action against a driver with whom she was involved in a motor vehicle accident.

September of 2008 (nearly six months after Defendant's offenses) in a manner that inured to the Defendant's benefit." As explained in Comment 1 to Rule 3.8 of the Ohio Rules of Professional Conduct, "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded justice[.]" See, also, *State v. Kirby*, 9th Dist. No. 23814, 2008-Ohio-3107, at ¶36. Thus, the State may move the trial court to dismiss a criminal charge, as it did in this case, when it finds that doing so would be in the interest of justice. As Osiecki did not prevail for the purposes of R.C. 9.68(B), the trial court did not err in denying Osiecki's motion for attorney fees.

{¶30} Osiecki's sixth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

"WHERE A DEFENDANT IS CHARGED WITH A MISDEMEANOR OF IMPROPER TRANSPORTING OF A FIREARM UNDER A MUNICIPAL ORDINANCE, AND THE ELEMENTS CLAIMED TO HAVE BEEN VIOLATED IN THE PROSECUTION CONSTITUTE A FELONY UNDER STATE LAW, IT IS ERROR FOR THE TRIAL COURT TO HOLD THAT THE MUNICIPAL ORDINANCE AND THE STATE LAW REGARDING FIREARMS ARE IDENTICAL."

{¶31} In his fifth assignment of error, Osiecki argues that the trial court erred in holding that the municipal ordinance and the state law were identical. In light of our resolution of Osiecki's sixth assignment of error, this Court declines to address his fifth assignment of error as it is rendered moot. See App.R 12(A)(1)(c).

III.

{¶32} This Court is without jurisdiction to reach the merits of Osiecki's first, second, third, and fourth assignments of error. Osiecki's sixth assignment of error is overruled. This

Court does not reach the merits of Osiecki's fifth assignment of error as it is rendered moot. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, P. J.
CONCUR

APPEARANCES:

CHARLES E. MCFARLAND, Attorney at Law, for Appellant.

RICHARD BARBERA, Assistant Prosecuting Attorney, for Appellee.