[Cite as *Norton v. Dominion Energy Servs., Inc.*, 2021-Ohio-1278.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BARBARA NORTON

    Appellant

    v.

DOMINION ENERGY SERVICES, INC.

    Appellee

C.A. No.      29543

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    CVI 1900500

DECISION AND JOURNAL ENTRY

Dated: April 14, 2021

---

TEODOSIO, Judge.

{¶1} Plaintiff-Appellant, Barbara Norton, appeals from the judgment of the Barberton Municipal Court in favor of Defendant-Appellee, Dominion Energy Services, Inc. ("Dominion"). This Court affirms.

I.

{¶2} Ms. Norton had a custom home built in 2016. As part of the construction process, a contractor for Dominion placed a natural gas connection line on her property. The connection line was fitted with a vertical pipe that ended in an above ground gas cap. Because Ms. Norton's yard had yet to be graded when the line was installed, the gas cap protruded several inches from the ground. The landscaper who later installed Ms. Norton's lawn graded the area surrounding the pipe to make the gas cap level with the ground.

{¶3} About two years after her landscaper graded the area surrounding the gas cap, Ms. Norton struck the cap with her lawnmower. The cap dislodged from the pipe, ejected through her

lawnmower, and hit her garage door with enough force to dent a door panel. As a result of the property damage she sustained, Ms. Norton filed a negligence claim against Dominion in small claims court. She alleged that her property was damaged because Dominion failed to properly install her gas connection line and/or gas cap.

{¶4} A trial was held before a magistrate, and the magistrate found in favor of Dominion. Unbeknownst to anyone at the time of trial, the court's audio-recording system failed and did not record the trial. Thus, Ms. Norton was unable to secure a transcript of the proceedings. She filed objections to the magistrate's decision and, in lieu of a transcript, supported her objections with an affidavit of the testimony and evidence. Dominion then filed a response to her objections. Upon review of their filings and the record, the trial court overruled Ms. Norton's objections and entered judgment in favor of Dominion. Ms. Norton moved the court to reconsider its decision, but the court denied her motion.

{¶5} Ms. Norton filed a notice of appeal and indicated in her docketing statement that the record would include a statement of the evidence or proceedings pursuant to App.R. 9(C). She also filed with the trial court a proposed statement of the evidence and served her proposed statement on Dominion. Dominion responded with objections and proposed amendments to Ms. Norton's statement. It filed its response in both the trial court and this Court, and, thereafter, Ms. Norton also filed items in both courts. Numerous motions, responses, and replies were filed, the majority of which concerned the settlement and approval of an App.R. 9(C) statement. The parties disagreed as to exactly what evidence and testimony had been presented at the trial, and Ms. Norton asked to introduce additional evidence in support of her claim. Relying primarily on the magistrate's recollection of the trial, the trial court ultimately issued an order, settling and approving a statement of the evidence.

{¶6}  Ms. Norton now appeals from the trial court's judgment in favor of Dominion and raises ten assignments of error for our review.  To facilitate our analysis, we rearrange and consolidate several of her assignments of error.

## II.

### General Standard of Review

{¶7}  This Court generally reviews a trial court's action regarding a magistrate's decision for an abuse of discretion.  *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9.  "In so doing, we consider the trial court's action with reference to the nature of the underlying matter."  *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT DENIED NORTON DUE PROCESS BY PLAIN ERROR WHEN IT FAILED TO RECORD THE HEARING HELD BEFORE THE MAGISTRATE.

{¶8}  In her third assignment of error, Ms. Norton argues that the trial court committed plain error and violated her due process rights when it failed to record her trial before the magistrate.  We disagree.

{¶9}  When the issue presented for appellate review presents purely a question of law, this Court employs a de novo standard of review.  *Lucas v. Ford Motor Co.*, 9th Dist. Summit No. 28622, 2018-Ohio-3765, ¶ 16.  "To establish plain error, one must show (1) an error occurred, i.e., a deviation from a legal rule, (2) the error is plain, i.e., an obvious defect in the proceedings, and (3) the error affected a substantial right, i.e., affected the outcome of the proceedings."  *State v. Grant*, 9th Dist. Summit No. 29259, 2019-Ohio-3561, ¶ 5, citing *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 36.  Notice of plain error "is to be taken with the utmost caution, under

exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶10} It is undisputed that Ms. Norton's trial before the magistrate was not recorded. Because her trial was not recorded, Ms. Norton argues, the trial court was unable to independently review the evidence presented therein and essentially granted the judicial power to hear her case directly to the magistrate. She argues that trials before magistrates must be recorded and that the trial court plainly erred when it failed to record hers.

{¶11} In general, "all proceedings before a magistrate shall be recorded in accordance with procedures established by the court." Civ.R. 53(D)(7). Yet, both the Ohio Rules of Civil Procedure and Rules of Appellate Procedure allow for the possibility that a party will not be able to obtain a recording or transcript of the proceedings. *See* Civ.R. 53(D)(3)(b)(iii) (authorizing an affidavit of evidence to be filed in support of objections to a magistrate's decision "if a transcript is not available"); App.R. 9(C) (providing for preparation of statement of the evidence when a recording of the proceedings or transcript is unavailable). Ms. Norton acknowledges that her trial was not recorded "due to [an] audio system failure." The lower court, therefore, did not simply refuse to record the proceedings. Further, the record reflects that the court considered Ms. Norton's affidavit in lieu of a transcript, *see* Civ.R. 53(D)(3)(b)(iii), and issued an order settling and approving a statement of the evidence for purposes of her appeal, *see* App.R. 9(C). Even if an error occurred, Ms. Norton has not shown that the error affected her substantial rights. *See Grant* at ¶ 5. Accordingly, her third assignment of error is overruled.

## ASSIGNMENT OF ERROR V

IT WAS PLAIN ERROR FOR THE TRIAL COURT TO DETERMINE THE FACTS WITHOUT A RECORD FROM WHICH TO DETERMINE ACCURACY AND FAIL TO CREATE ONE BY ORDERING THE PARTIES TO SUBMIT PROPOSED FINDINGS OR CREATE A 9C STATEMENT.

**ASSIGNMENT OF ERROR VI**

SINCE THE TRIAL COURT ORDERED SUPPLEMENTAL PLEADINGS, IT WAS ABUSE OF DISCRETION TO NOT ALLOW PLEADINGS RELATING TO ISSUES PRESENTED AT THE HEARING TO ASSIST IN RESOLVING THE CASE ON ITS MERITS.

{¶12}  In her fifth assignment of error, Ms. Norton argues that the trial court erred when, prior to entering judgment on the magistrate's decision, it failed to either (1) order the parties to submit an agreed upon statement of the evidence, or (2) settle and approve an App.R. 9(C) statement.  In her sixth assignment of error, she argues that the court erred by not allowing her to present additional evidence in support of her objections to the magistrate's decision.  We reject both propositions.

{¶13}  Civ.R. 53 governs magistrate's decisions, objections to a magistrate's decision, and the trial court's entry of judgment upon objections to a magistrate's decision.  *See* Civ.R. 53(D)(3), (4).  If a party wishes to object to a magistrate's factual finding, her objections "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."  Civ.R. 53(D)(3)(b)(iii).  Additionally, "[w]ith leave of court, alternative technology or manner of reviewing the relevant evidence may be considered."  *Id.*  A trial court will rule upon any objections to a magistrate's decision by "undertak[ing] an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  Though the court may hear additional evidence before ruling on objections, it "may refuse to do so unless the objecting party demonstrates that [she] could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."  *Id.*

{¶14}  Because Ms. Norton was unable to procure a trial transcript, she attached an affidavit of the evidence to her objections to the magistrate's decision.  She also filed a supplement

to her objections that included additional evidence and affidavits that had not been presented at trial. Dominion responded in opposition to her objections and moved to strike her supplement to her objections. Ms. Norton then filed a reply and opposed Dominion's motion to strike. Upon its review of the filings and the record, the trial court overruled Ms. Norton's objections.

{¶15} According to Ms. Norton, the trial court erred when it ruled on her objections without first (1) having the parties complete an agreed upon statement of the evidence, or (2) approving an App.R. 9(C) statement. Had the court done so, she argues, the trial would have been fresh in everyone's minds, and the court could have retaken any missing testimony. She claims that she omitted certain details about the testimony of her contractor in her affidavit because the contractor completed his own affidavit and she attached it to her supplement to her objections. Ms. Norton notes that the trial court refused to consider her contractor's affidavit because it construed the affidavit as inadmissible new evidence. Additionally, the court refused to consider affidavits from two of her neighbors and information about when Ms. Norton took certain photographs. Ms. Norton argues that her additional evidence should have been considered "[i]n the pursuit of justice."

{¶16} Ms. Norton has failed to set forth any law to establish that the trial court erred by not requiring the parties to complete an agreed upon statement of the evidence or finalizing an App.R. 9(C) statement before ruling on her objections to the magistrate's decision. *See* App.R. 16(A)(7). Civ.R. 53 expressly outlines the procedure to be followed when a party files written objections to a magistrate's decision. Ms. Norton submitted an affidavit along with her objections, and the trial court considered her affidavit in its judgment on those objections. She never moved the court, pursuant to Civ.R. 53(D)(3)(b)(iii), to consider an alternative manner of reviewing the evidence. Thus, the court adhered to the procedure set forth in Civ.R. 53 in ruling on her

objections. *See* Civ.R. 53(D)(3)(b)(iii) and (D)(4)(d). *See also* App.R. 9(C)(2) (in cases initially heard by a magistrate, an appellant may contest a factual finding only if the record contains a transcript or affidavit previously filed in accordance with Civ.R. 53(D)(3)(b)(iii)).

{¶17} To the extent the trial court refused to hear additional evidence in support of Ms. Norton's objections, it was only required to do so if she showed that she "could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). Ms. Norton's contractor testified at trial, and she had the ability to question him at that time. She also had the ability to subpoena her neighbors to testify; she simply chose not to do so. Ms. Norton failed to demonstrate that she could not, with reasonable diligence, have produced her additional evidence at trial. *See id.* As such, the trial court was not required to consider it. Ms. Norton's fifth and sixth assignments of error are overruled.

**ASSIGNMENT OF ERROR VIII**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR PLAIN ERROR IN PREMATURELY FILING THE RECORD.

{¶18} In her eighth assignment of error, Ms. Norton argues that the trial court erred when it prematurely filed the record in this matter and caused her to file certain objections in the appellate court rather than the trial court. For the following reasons, this Court rejects her argument.

{¶19} The record on appeal "shall be transmitted to the clerk of the court of appeals when the record is complete for the purposes of appeal * * *." App.R. 10(A). App.R. 10(B) provides several alternatives for the record to be deemed complete. As it relates to this case, the rule provides that the record is deemed complete when a statement of the evidence or proceedings pursuant to App.R. 9(C) has been "settled and approved by the trial court[] and filed with the clerk of the trial court." App.R. 10(B)(2). At that time, the clerk of the trial court shall prepare the record and transmit it to the clerk of the court of appeals. App.R. 10(B).

{¶20}  When Ms. Norton filed her notice of appeal and docketing statement, she indicated that the record would include an App.R. 9(C) statement.  She then filed a proposed statement of evidence in the trial court.  A few days after she did so, the clerk of the trial court transmitted the record to the clerk of the court of appeals, and the appellate clerk notified the parties that the record had been filed.  This Court ultimately struck the notice of filing as premature and extended the time for the record, including an App.R. 9(C) statement, to be filed.

{¶21}  Ms. Norton asserts that the trial court erred when it prematurely transmitted the record to the clerk of the court of appeals.  She notes that, after the appellate clerk notified the parties that the record had been filed, Dominion filed its objections and proposed amendments to her proposed App.R. 9(C) statement in both the trial court and this Court.  According to Ms. Norton, an employee with the clerk's office told her that any future pleadings had to be filed in the appellate court, as the record had already been transferred.  She, therefore, only filed her rebuttal to Dominion's objections and proposed amendments in this Court.  Nine days later, after this Court struck her filing, she filed her rebuttal in the trial court.  A portion of her rebuttal challenged Dominion's objections and amendments on the basis that they were untimely.  *See* App.R. 9(C)(1) (requiring an appellee to serve any objections or proposed amendments within ten days after service of the appellant's proposed statement).  The trial court refused to consider that portion of her argument, however, finding that she had waived it by not "object[ing] at or near the time of [Dominion's] filing * * *."  Ms. Norton asserts that the trial court's error in prematurely filing the record caused the delay in her filing her rebuttal with the trial court.

{¶22}  As previously noted, it is the duty of the clerk of the trial court, not the trial court itself, to prepare and transmit the trial court record to the clerk of the appellate court.  *See* App.R. 10(B).  Even assuming Ms. Norton's argument is properly before us, however, she has not shown

that the premature filing of the record affected her substantial rights.  *See* Civ.R. 61.  First, there was nothing to prevent her from filing her rebuttal in both the trial court and the appellate court, as Dominion had done when filing its objection.  She chose to file her rebuttal strictly in this Court.  Only after this Court struck her filing did she file her rebuttal in the trial court.  While we are not unsympathetic to her claim that someone at the clerk's office gave her inaccurate information, "ignorance of the law is no excuse."  *In re Adoption of Jedel*, 9th Dist. Medina No. 1624, 1988 WL 5952, *3 (Jan. 20, 1988).  Ms. Norton always had the ability to file her rebuttal in the lower court.

{¶23}  Second, the record reflects that the settlement and approval of the App.R. 9(C) statement in this matter was a highly contested affair.  Ms. Norton filed numerous motions, objections, proposed amendments, and requests for clarification, and Dominion responded with briefs in opposition, motions to strike, and other oppositional filings.  Dominion's initial objection was but one of many filings that the trial court ultimately considered in its approval of an App.R. 9(C) statement.  Moreover, even if the court had refused to consider Dominion's initial objection, Ms. Norton has not explained why that would have precluded Dominion from seeking relief under App.R. 9(E).  *See* App.R. 9(E) (providing for the correction and modification of the record when it contains material omissions or misstatements).  Upon review, Ms. Norton has not shown that she sustained prejudice as a result of the premature filing of the record.  *See* Civ.R. 61.  As such, her eighth assignment of error is overruled.

### ASSIGNMENT OF ERROR X

IT WAS PLAIN ERROR AND/OR ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT RECOGNIZE ITS ORDER DATED 12/6/19 DID NOT CONSTITUTE A 9C STATEMENT AND DENY NORTON'S MOTIONS ADDRESSING OMISSIONS AND MISSTATEMENTS.

{¶24}  In her tenth assignment of error, Ms. Norton argues that the trial court erred when it treated its December 6, 2019 order as a settled and approved App.R. 9(C) statement and, on that basis, denied several of the motions she filed after that date.  For the following reasons, this Court rejects her argument.

{¶25}  If a trial transcript is unavailable, an appellant may prepare a statement of the evidence "from the best available means, including the appellant's recollection" and serve that statement upon the appellee.  App.R. 9(C)(1).  The appellee may object or propose amendments to that statement and serve those objections and/or amendments upon the appellant.  *Id.*  The statement, objections, and any amendments then will be submitted to the trial court, and the trial court will settle and approve a statement of the evidence for filing.  *Id.*  "If a dispute arises, the end result of the trial court's evaluation should be a separate document intended to recite or accurately summarize the evidence that was taken and the relevant procedure that occurred in the trial court." *Espino v. Siladi*, 9th Dist. Summit No. 24441, 2009-Ohio-3005, ¶ 12.

{¶26}  As previously noted, Ms. Norton filed a proposed statement of the evidence with the trial court after filing her notice of appeal.  Dominion then filed its objection and proposed amendments, and Ms. Norton filed a rebuttal.  On December 6, 2019, the trial court issued an order in response to the parties' filings.[1]  The court's order purported to approve Ms. Norton's statement of the evidence with various additions and deletions.  Yet, the order did not recite or summarize the evidence.  Instead, it referred to portions of the parties' filings by heading number and indicated that those numbered sections were either adopted or stricken.  Though the trial court intended its order to serve as an App.R. 9(C) statement, this Court later determined that the order could not be

---

[1]  The court's order was signed by both the magistrate and the trial court.  Because the magistrate had presided over the trial, the trial court relied on the magistrate's recollection of the proceedings.

considered a settled and approved statement of the evidence. *See Norton v. Dominion Energy Serv.*, 9th Dist. Summit No. 29543 (Feb. 13, 2020). Following our determination, the trial court issued another order that served as an App.R. 9(C) statement.

{¶27} Ms. Norton argues that the trial court erred when it initially treated its December 6th order as an App.R. 9(C) statement. Relevant to her argument herein, she filed the following items after the court issued its order: (1) on December 12, 2019, she moved the court to hear additional testimony from the contractor who built her home because the magistrate had failed to recall certain aspects of his trial testimony; (2) on December 13, 2019, she moved the court to amend its December 6th order in various respects due to purported misstatements and omissions; and (3) on December 19, 2019, she moved the court to sign and approve an amended statement of evidence wherein she purportedly "incorporated all adopted and approved amendments in an organized manner for [the court's] review." According to Ms. Norton, the trial court failed to rule on her December 19th motion and denied her December 12th and 13th motions because it believed that it had already approved and settled a statement of the evidence on December 6th. She claims that the court's "oversights" affected her substantial rights. Further, she asks this Court to consider her December 13th motion in conjunction with the trial court's final statement of the evidence "to clear up details in the statement."

{¶28} Regarding Ms. Norton's December 12th motion to take additional testimony from her contractor, the record reflects that the trial court denied her motion because it construed it as a request to hear new evidence. The court specifically found that the testimony Ms. Norton wished to introduce had not been presented at trial. Ms. Norton has not addressed the validity of that finding on appeal. *See* App.R. 16(A)(7). She merely argues that the trial court erred by denying her motion because her contractor's testimony was relevant to the proceedings. Yet, an

"[a]ppellant may not use App.R. 9(C) to supplement the record with new evidence, not considered by the trial court in reaching its decision." *In re Name Change of S.D.L.*, 6th Dist. Huron No. H-18-014, 2019-Ohio-2950, ¶ 14. The purpose of an App.R. 9(C) statement is simply to summarize the evidence presented at trial. *See Espino*, 2009-Ohio-3005, at ¶ 12. Because Ms. Norton has not shown that the trial court erred when it found her December 12th motion to be a request to hear new evidence, we reject her argument that it erred by denying her motion.

{¶29} To the extent the trial court denied Ms. Norton's December 13th motion, she has not shown that its decision affected her substantial rights. *See* Civ.R. 61. The record reflects that the trial court denied her motion on the basis that it had already settled and approved a statement of the evidence and the matter was pending with this Court. About one month later, this Court found that the trial court had yet to issue a statement of the evidence that complied with App.R. 9(C). We extended the time for filing the record and indicated that a remand was unnecessary because "the matter remains before the trial court * * *." *See Norton v. Dominion Energy Serv.*, 9th Dist. Summit No. 29543 (Feb. 13, 2020). One full month then elapsed before the trial court issued another order that served as a statement of the evidence for purposes of App.R. 9(C).

{¶30} Even if the trial court erred when it initially refused to consider Ms. Norton's December 13th motion, there was nothing to prevent her from renewing her motion once this Court made it clear that an App.R. 9(C) statement had yet to issue and the matter was still pending with the trial court. Ms. Norton had the opportunity to present additional arguments to the trial court at that time. Moreover, even after the court issued a statement of the evidence, she had the ability to avail herself of the remedy set forth in App.R. 9(E) if she believed that the statement contained material omissions or errors. *See* Discussion, *infra*. She has not shown that the court's initial

refusal to consider her December 13th motion affected her substantial rights. *See* Civ.R. 61. Thus, we reject her argument to the contrary.

{¶31} Finally, to the extent Ms. Norton argues that the trial court ignored her December 19th motion and asks us to "clear up" certain details in the trial court's statement of the evidence, we find that App.R. 9(E) controls. The rule provides that

> [i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted.

App.R. 9(E). "Two things are clear from the rule. The first is that either the trial court or the court of appeals may order that a record be corrected and supplemented. The second is that where a party seeks to have the record corrected, *it is within the province of the trial court to resolve disputes about the record on appeal*." (Emphasis added.) *State v. Schiebel*, 55 Ohio St.3d 71, 81 (1990). "[T]he court of appeals cannot resolve disputes about the trial court's record in the course of an appeal." *Id.* at 82. Rather, the trial court must weigh the evidence and decide whether to correct or supplement the record. *Id.* Where the trial court's ruling is "supported by competent, reliable evidence, [it] will not be reversed by a reviewing court absent an abuse of discretion." *Id.*

{¶32} This Court is without authority to "clear up" any portion of the trial court's App.R. 9(C) statement, as that authority only rests with the trial court. *See id. See also City of Medina v. Osiecki*, 9th Dist. Medina No. 09CA0064-M, 2011-Ohio-1534, ¶ 18. Though we may review the court's order for "competent, reliable evidence," *Schiebel* at 82, Ms. Norton has failed to set forth an argument in that regard. *See* App.R. 16(A)(7). She has made no attempt to show within the construct of this assignment of error that one or more of the trial court's conclusions is based on

insufficient evidence. *See Schiebel* at 82. This Court will not formulate an argument on her behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, her tenth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN SUPPORT OF THE MAGISTRATE'S DECISION BY RULING IN FAVOR OF THE DEFENDANT-APPELLEE WHEN IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR IV

IN ABSENCE OF A RECORD, IT WAS PLAIN ERROR FOR THE TRIAL COURT TO IGNORE THE ONLY AFFIDAVIT FILED DESCRIBING THE EVIDENCE.

{¶33} In her first assignment of error, Ms. Norton argues that the trial court lost its way when it entered judgment in favor of Dominion. To that end, she also argues in her fourth assignment of error that the court erred when it "ignore[d]" the affidavit she submitted in support of her objections to the magistrate's decision. Because there was no transcript and her affidavit was the only evidence before the court, Ms. Norton argues, the evidence weighed in her favor. For the following reasons, we reject her arguments.

{¶34} "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. Only where the evidence presented weighs heavily in favor of the party seeking reversal will the appellate court reverse. *Id.* Manifest weight of the evidence pertains to the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 19. "In weighing the

evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶35} To prevail on a negligence claim, a plaintiff must establish "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. A defendant cannot be held liable for an open and obvious danger as it "obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5. Likewise, a defendant cannot be held liable for unforeseeable damages that are not a "natural and probable consequence" of his alleged actions. *Ross v. Nutt*, 177 Ohio St. 113, 114 (1964). "[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117 (1944).

{¶36} The magistrate who presided over Ms. Norton's trial made each of the following factual findings in his decision. Ms. Norton had a new home constructed in mid-2015. As a part of that process, a gas line was installed on her property in November 2015. The gas line was fitted with a cap that protruded several inches above her ungraded yard. The gas cap rested on a plastic, adjustable conduit pipe that could be raised or lowered upon the final grading of the property to make the gas cap level with or below the ground. Even so, neither Ms. Norton's landscaper, nor her builder adjusted the pipe. Instead, Ms. Norton instructed her landscaper to grade the area around the pipe to make the gas cap level with her yard. For the next three years, she never reported a problem with the cap. Then, in the fall of 2018, she hit the gas cap with her lawnmower, causing it to dislodge and strike her garage door.

{¶37} The magistrate concluded that Ms. Norton knew where the gas line/cap was located on her property. He further concluded that her landscaper or builder had failed to adjust the conduit pipe below the cap to ensure that it was level with or below the final grade of the yard. Because Ms. Norton failed to prove that Dominion or its contractor was negligent, the magistrate recommended that judgment be granted in favor of Dominion.

{¶38} In her objections to the magistrate's decision, Ms. Norton challenged several of the magistrate's factual findings and legal conclusions. She contested the finding that she knew where the gas line/cap was located for three years and, during that time, never reported a problem. She contested the finding that it was the responsibility of her builder and/or landscaper to adjust the gas pipe rather than Dominion's responsibility. Finally, she contested the conclusion that she failed to prove Dominion's negligent installation by a preponderance of the evidence.

{¶39} The trial court found that certain aspects of Ms. Norton's objections were not supported by the evidence presented at trial. It further found that, even if one or more of the magistrate's factual findings were incorrect, Dominion was still entitled to a judgment in its favor. The court agreed with the magistrate's finding that Mrs. Norton knew or should have known where the gas pipe/cap was located, as she had instructed her landscaper to grade around it. To the extent there was conflicting testimony, the court noted that the magistrate was in the best position to determine the credibility of the witnesses who testified at the hearing. The court concluded that Ms. Norton had failed to prove, by a preponderance of the evidence, that Dominion was negligent. Thus, it entered judgment in favor of Dominion.

{¶40} Ms. Norton argues that the trial court lost its way when it entered judgment in favor of Dominion. She argues that the evidence showed her gas line and cap were installed at an incorrect height. Further, she argues that the evidence showed she notified Dominion of that fact

in June 2016. According to Ms. Norton, she was only aware of the specific location of the gas pipe/cap from June 2016 until August 2016. At that point, her landscaper graded the area surrounding the pipe and hid it from view. She notes that, when Dominion performed repairs in 2019, it set the pipe and cap below grade. Likewise, she argues, her neighbors had their gas lines installed below grade. As to the gas cap itself, Ms. Norton argues that there was evidence it too had been improperly installed. Specifically, she claims to have set forth evidence that, if properly installed, the cap would have cracked into pieces instead of dislodging. Ms. Norton argues that the trial court "ignore[d]" her evidence when it overruled her objections and entered judgment in favor of Dominion.

{¶41} Initially, we reject Ms. Norton's argument that the trial court "ignore[d]" her affidavit. In ruling on her objections, the court specifically indicated that she had "filed an affidavit of the proceedings with her objections * * *." The court also indicated that it had conducted an independent review of her objections, Dominion's response, and the court file. Thus, the record supports the conclusion that the court considered Ms. Norton's affidavit in conjunction with her objections to the magistrate's decision.

{¶42} Upon review of the record, we cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice when it entered judgment in favor of Dominion. *See Boreman*, 2002-Ohio-2320, at ¶ 10. Ms. Norton acknowledged in her own affidavit that her landscaper graded the area around the gas line and cap because the cap protruded from the ground and was "an unsightly tripping hazard." Thus, even if the gas line/cap was improperly installed, they constituted an open and obvious danger at the time of their installation. *See Armstrong*, 2003-Ohio-2573, at ¶ 5 (open and obvious dangers act as a complete bar to negligence). Further, the greater weight of the evidence tended to show that the damage Ms. Norton sustained to her garage

was not a "natural and probable cause" of any improper installation on the part of Dominion. *Ross*, 177 Ohio St. at 114. As noted, "the proximate cause of an event is that which in a natural and continuous sequence, *unbroken by any new, independent cause*, produces that event and without which that event would not have occurred." (Emphasis added.) *Aiken*, 143 Ohio St. at 117. Following the installation of the gas pipe and cap, Ms. Norton's landscaper buried them to hide them from view. A rational trier of fact could have concluded that, had the gas pipe and cap remained exposed, Ms. Norton would not have run them over with her lawnmower and sustained damage to her garage door. Thus, we cannot conclude that the trial court's judgment in favor of Dominion is against the weight of the evidence. *See Boreman* at ¶ 10. Ms. Norton's first and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ABUSED ITS DISCRETION BY OVERLOOKING DOMINION'S NEGLIGENCE IN FAILING TO ACT AFTER BEING PUT ON NOTICE OF THE FAULTY INSTALLATION.

{¶43} In her second assignment of error, Ms. Norton argues that the trial court disregarded evidence tending to show that Dominion breached a duty to her. She points to statements she made in her affidavit and her objections to the magistrate's decision. According to Ms. Norton, those statements showed that she told a Dominion representative in June 2016 that her gas line/cap had been improperly installed (i.e., by being set above grade). She argues that, had Dominion corrected the installation, her accident would not have occurred.

{¶44} The limited argument that Ms. Norton has set forth herein mirrors the manifest weight argument that she advanced in her first and fourth assignments of error. *See* Discussion, *supra*. As we have already explained, the exposed gas line/cap on her property constituted an open and obvious danger at the time of its installation. Even if it was improperly installed, Dominion

had no duty to warn her about it. *See Armstrong*, 2003-Ohio-2573, at ¶ 5. Further, Ms. Norton failed to prove that Dominion's actions proximately caused her damages. *See* Discussion, *supra*. A rational trier of fact could have concluded that a different, independent cause led to her damages (i.e., the burying of the elevated gas line/cap in the absence of an adjustment). *See Aiken*, 143 Ohio St. at 117. Evidence that Dominion knew about the faulty installation in June 2016 would not have changed the result in this matter. Accordingly, Ms. Norton's second assignment of error is overruled.

**ASSIGNMENT OF ERROR IX**

> THE TRIAL COURT ERRED AS A MATTER OF LAW BY EXCLUDING NORTON'S TESTIMONY AS HEARSAY FROM THE 9C STATEMENT DATED MARCH 16, 2020 WHEN IT WAS INTRODUCED AT THE HEARING WITHOUT OBJECTION AND PRECLUDED NORTON FROM OFFERING A PROFFER.

{¶45} In her ninth assignment of error, Ms. Norton argues that the trial court erred when it excluded portions of her testimony from its App.R. 9(C) statement on the basis that they amounted to hearsay. Because the rules of evidence are inapplicable to small claims proceedings, Ms. Norton argues, that testimony ought to have been admitted.

{¶46} Even if the trial court erred when it excluded certain portions of Ms. Norton's testimony, she has not shown that the court's error affected her substantial rights. *See* Civ.R. 61. The trial court refused to consider statements that service personnel from Dominion allegedly made to Ms. Norton in January 2019 when they came to repair her gas line/cap. Those statements included shock that her gas cap had dislodged in the manner that it did and admissions that Dominion often had to repair installations performed by its subcontractors. Ms. Norton argues that those statements were admissible because the rules of hearsay do not apply to small claims proceedings. Yet, she has not explained how the admission of those statements would have

changed the result in this matter. *See* App.R. 16(A)(7). The statements would not have changed the fact that the gas line/pipe constituted an obvious error at the time of installation. *See* Discussion, *supra*. Nor would they have changed the fact that Ms. Norton failed to prove proximate cause. *See id.* Because Ms. Norton has failed to establish that the exclusion of the foregoing testimony affected her substantial rights, her ninth assignment of error is overruled.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING
NORTON A TRIAL DE NOVO.

{¶47} In her seventh assignment of error, Ms. Norton argues that trial court abused its discretion by not granting her a new trial. We disagree.

{¶48} "Civ.R. 59(A) provides multiple grounds upon which a party may base a motion for a new trial and, depending on the basis stated in the motion, 'this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review.'" *Tesar Indus. Contrs., Inc. v. Republic Steel*, 9th Dist. Lorain Nos. 16CA010957, 16CA010960, 2018-Ohio-2089, ¶ 12, quoting *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 17. It is an appellant's burden on appeal to demonstrate error in the trial court's denial of a motion for new trial. *Macken v. KDR Holdings*, 9th Dist. Lorain No. 06CA009003, 2007-Ohio-4106, ¶ 27-30.

{¶49} Ms. Norton acknowledges that she never formally moved for a new trial in the lower court. She argues that the court ought to have considered the following objections and filings as a motion for a new trial: (1) an objection to the magistrate's decision based on the magistrate's failure to fully consider the testimony of Ms. Norton's contractor; (2) her supplement to her objections wherein she "introduced new evidence not available until mid-June 2019"; and (3) a motion for reconsideration that she filed based on four of the grounds set forth in Civ.R. 59(A).

The trial court rejected each of her objections/filings for various reasons. In doing so, it specifically found that Ms. Norton had not filed a motion for new trial and that her motion for reconsideration was a nullity. According to Ms. Norton, the court should have treated her filings as the functional equivalent of a motion for new trial. Even if they were not captioned as such, she argues, she was entitled to relief on that basis.

{¶50} Upon review, Ms. Norton has not demonstrated that the trial court erred by not granting her a new trial. Assuming without deciding that the court should have recast one or more of her filings as a motion for new trial, *see State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12, Ms. Norton has not addressed the application of Civ.R. 59. She has made "no attempt to explain why or how Civ.R. 59(A)'s particular components apply to any of [her] arguments." *Ulrich v. Mercedes-Benz USA, L.L.C.*, 187 Ohio App.3d 154, 2010-Ohio-348, ¶ 27 (9th Dist.). Absent any argument or analysis regarding Civ.R. 59(A)'s application in this matter, this Court is unable to engage in a meaningful review. *See Macken*, 2007-Ohio-4106, at ¶ 27-30. This Court will not construct an argument on Ms. Norton's behalf. *See Ulrich* at ¶ 27; *Cardone*, 1998 WL 224934, at *8. Accordingly, her seventh assignment of error is overruled.

III.

{¶51} Ms. Norton's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J,
CONCURS.

CARR, P. J.
DISSENTS.

APPEARANCES:

BARBARA NORTON, pro se, Appellant.

DAVID L. SHERMAN, Attorney at Law, for Appellee.