**[Cite as *Gibbons v. Kendera Constr.*, 2026-Ohio-394.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOHN T. GIBBONS

    Appellee

    v.

KENDERA CONSTRUCTION, et al.

    Appellants

C.A. No. 25CA012213

APPEAL FROM JUDGMENT
ENTERED IN THE
AVON LAKE MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No. CVI 2400369

DECISION AND JOURNAL ENTRY

Dated: February 9, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1} Appellant-Defendant Kendera Construction appeals the judgment of the Avon Lake Municipal Court Small Claims Division. We affirm.

I.

{¶2} Appellee-Plaintiff John Gibbons filed a complaint against Kendera Construction seeking damages after Gibbons witnessed the windshield of his vehicle shatter after being hit by a stone from a Kendera Construction vehicle. The matter proceeded to a bench trial. The trial court heard testimony from Gibbons, Jeffery Kendera, and James Bizorik. Kendera Construction presented several exhibits as evidence, and the trial court admitted all of the exhibits. The exhibits included (1) articles of organization for Kendera Enterprises, Inc, (2) two photographs depicting the door of the truck at issue, (3) a screen shot of Kendera Construction's Facebook page, and (4) a flash drive containing a video recording of the exterior of the vehicle at issue in this case.

{¶3} Following the trial, the trial court filed a judgment entry finding in favor of Gibbons and against Kendera Construction in the amount of $500.00 plus costs.

{¶4} Kendera filed this timely appeal raising two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

**APPELLEE, JOHN T. GIBBONS DID NOT ESTABLISH A VALID NEGLIGENCE CASE AGAINST KENDERA ENTERPRISES, INC.**

{¶5} In its first assignment of error, Kendera Construction contends that Gibbons failed to establish a valid negligence claim against it. For the reasons that follow, we overrule Kendera Construction's assignment of error.

{¶6} "To prevail on a negligence claim, a plaintiff must establish '(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach.'" *Norton v. Dominion Energy Servs., Inc.*, 2021-Ohio-1278, ¶ 35 (9th Dist.), quoting *Robinson v. Bates*, 2006-Ohio-6362, ¶ 21.

{¶7} Kendera Construction asserts Gibbons did not establish that Kendera Construction owed him a duty of care. Here, the trial court concluded that because R.C. 4513.31 required Kendera Construction to secure its load, Kendera Construction had a statutory duty of care. However, Kendera Construction does not assert on appeal that the trial court erred when it determined R.C. 4513.31 created a statutory duty of care and fails to develop any argument in support of its contention that Kendera Construction did not owe Gibbons a duty of care. When an appellant fails to develop an argument in support of its assignment of error, this Court will not create one for it. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

**{¶8}** Kendera Construction also asserts that Gibbons did not establish that Kendera Construction breached its duty of care toward Gibbons. Here, the trial court found that Kendera Construction breached its duty of care by failing to cover or secure its load. However, Kendera Construction does not dispute that it failed to cover or secure its load and does not raise an argument on appeal that the trial court erred when it made this finding. When an appellant fails to develop an argument in support of its assignment of error, this Court will not create one for it. *See* App.R. 16(A)(7); *Cardone* at *8. "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

**{¶9}** Finally, Kendera Construction asserts that "[t]here was no proximate cause between the damage to the windshield and any alleged breach of duty." "Proximate cause is an act or failure to act which, in a natural and continuous sequence, directly produces the injury and without which it would not have occurred. Proximate cause occurs when the injury is a natural and foreseeable result of the act or failure to act." *Brott Mardis & Co. v. Camp*, 2001-Ohio-4349, ¶ 9 (9th Dist.).

**{¶10}** Although Kendera Construction's stated assignment of error states Gibbons did not establish a valid negligence claim, its proximate cause arguments sound in manifest weight. Specifically, Kendera Construction argues that the evidence showed it had (1) "no knowledge whatsoever that there were any 'golf size rocks' in or on the truck," (2) the truck was hauling "virgin dirt," (3) the distance Gibbons claimed existed between his vehicle and the truck was "substantial[,]" and (4) it was "equally likely that the rock was on the road and had been moved by the truck merely proceeding down the road in an otherwise lawful manner."

**{¶11}** "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a

manifest miscarriage of justice." *Boreman v. Boreman*, 2002-Ohio-2320, ¶ 10 (9th Dist.). "Only where the evidence presented weighs heavily in favor of the party seeking reversal will the appellate court reverse." *Norton*, 2021-Ohio-1278, at ¶ 34 (9th Dist.), citing *Boreman* at ¶ 10. "Manifest weight of the evidence pertains to the burden of persuasion." *Norton* at ¶ 34, citing *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Norton* at ¶ 34, quoting *Eastley* at ¶ 21.

{¶12} "'[T]he proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred.'" *Norton* at ¶ 35, quoting *Aiken v. Indus. Comm.*, 143 Ohio St. 113, 117 (1944). "[A] defendant cannot be held liable for unforeseeable damages that are not a 'natural and probable consequence' of his alleged actions." *Norton* at ¶ 35, quoting *Ross v. Nutt*, 177 Ohio St. 113, 114 (1964).

{¶13} Gibbons testified that on June 11th, he was traveling westbound on I-90 in the far-right lane when a large stone fell from the back of the truck traveling in front of him and broke his windshield. He stated that he then moved his vehicle to the side of the truck to get the name and phone number on the side of the vehicle. Gibbons testified that he called the number on the side of the vehicle and spoke to a woman who stated someone from their insurance company would call Gibbons. However, he then received a call from Jeffery Kendera, who asked Gibbons if he had a dashcam. When Gibbons replied he did not, Kendera ended the conversation. Gibbons testified he then proceeded to the Avon Police Department and filed a report. During cross-examination, Gibbons clarified that he saw the rock come out of the bottom of the truck. When asked how far he was behind the truck, he replied about fifty yards. The trial court found "the

testimony of [Gibbons] was highly credible and that the speed and distance from [Kendera Construction's] truck was reasonable and prudent."

{¶14} Kendera testified that Gibbons identified the truck number when called and that the truck was hauling dirt and not rocks. He stated he then called the driver of the truck and asked him to take a video of the truck as soon as he exited I-90. Kendera testified he received such a video from the driver eleven minutes later.

{¶15} James Bizorik testified that he was driving the truck at issue in this case. He stated that he was hauling "basement dirt." Bizorik indicated he had no knowledge of a rock from the truck breaking Gibbons' windshield. He did testify that when he was trying to merge left with his turn signal on, there was a vehicle preventing him from changing lanes. He stated that the driver of the vehicle was messing with his phone and believed the driver was probably Gibbons. Bizorik stated that he did take a video of the truck upon Kendera's request. Bizorik indicated that the truck was clean and there were no rocks on the truck. Bizorik testified he does not believe a rock came of the truck and struck Gibbons' windshield. The video recording was played for the trial court.

{¶16} Regarding proximate cause, the trial court found Kendera Construction "was negligent in that the rock fell from [Kendera Construction's] vehicle and the load on [Kendera Construction's] vehicle was not covered or secured, such negligence was the direct cause of the damages suffered by [Gibbons]."

{¶17} Based on our review of the record, we conclude this is not the exceptional case in which the trier of fact clearly lost its way and committed a manifest injustice when it entered judgment in favor of Gibbons and against Kendera Construction. Gibbons expressly testified he saw the rock come off the truck and strike his windshield. The trial court found Gibbons' testimony on this point "highly credible[,]" and both Kendera and Bizorik acknowledged the

truck's load was not tarped. "[T]his Court has long recognized that 'the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly.'" *T.M. v. R.H.*, 2020-Ohio-3013, ¶ 42 (9th Dist.), quoting *A.M. v. D.L.*, 2017-Ohio-5621, ¶ 20 (9th Dist.), quoting *State v. Johnson*, 2010-Ohio-3296, ¶ 15 (9th Dist.). "Because the trier of fact is in the best position to assess matters of credibility, this Court is generally loath to disturb those determinations on appeal." *T.M.* at ¶ 42.

{¶18} Kendera Construction's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THIS LAWSUIT WAS FILED BY THE APPELLEE AGAINST THE WRONG PARTY.**

{¶19} In its second assignment of error, Kendera Construction states that the judgment against it is void ab initio because Gibbons named Kendera Construction Enterprises as the defendant in this case.

{¶20} Upon review of the record, we conclude that Kendera Construction's stated assignment of error is without merit. Here, Gibbons expressly named Kendera Construction as a defendant in his complaint and not "Kendera Construction Enterprises" as Kendera Construction alleges on appeal. Additionally, the trial court only entered judgment against Kendera Construction—the named party—and not "Kendera Construction Enterprises." The only mention in the judgment entry of "Kendera Construction Enterprises" occurs in reference to the trial court's consideration of whether service was proper in this case. Therein, the trial court stated that service was proper against Kendera Construction because they "ha[d] held themselves out to be one and the same company as Kendera Enterprises[.]" Kendera Construction does not assert on appeal that the trial court erred in making this finding and fails to develop any argument in support of this assignment of error.

**{¶21}** Kendera Construction's second assignment of error is overruled.

III.

**{¶22}** Kendera Construction's first and second assignments of error are overruled. The judgment of the Avon Lake Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

JOHN T. GIBBONS, pro se, Appellee.